```
 1  GRAHAM A. BOYD (CBN 18419)
    REBECCA BERNHARDT
 2  ADAM B. WOLF
 3  MICHAEL PEREZ
    AMERICAN CIVIL LIBERTIES UNION
 4       DRUG LAW REFORM PROJECT
 5  1101 Pacific Ave., Suite 333
    Santa Cruz, CA  95060
 6  Tel:  (831) 471-9000
 7  Fax: (831) 471-9676

 8  Attorneys for Plaintiffs
```

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE, JOHN ROE, & CONNECTICUT HARM REDUCTION COALITION, | ) Case No. 3-00-cv-2167 (JCH) ) ) ) |
| Plaintiffs, | ) **DECLARATION OF MOLLIE** ) **LEE IN SUPPORT OF** ) **PLAINTIFFS' MOTION FOR** |
| vs. | ) **CONTEMPT** ) ) Court: Hon. Janet C. Hall |
| BRIDGEPORT POLICE DEPARTMENT & ANTHONY ARMENO, Acting Chief of the Bridgeport Police Department, in his official capacity only, | ) Hearing Requested ) ) ) |
| Defendants, | ) ) |

Decl. of Mollie Lee in Support of Pltfs' Mot. for Contempt

1

### DECLARATION OF MOLLIE LEE

I, Mollie Lee, hereby declare as follows:

1. I am a third-year student at Yale Law School, where I am also a teaching assistant for Constitutional Law. I make this declaration based on my personal knowledge, and if called to testify, could and would testify as stated herein.

2. I was an intern for the American Civil Liberties Union Drug Law Reform Project during the Spring of 2004. Over the course of approximately three days that spring, I went to Bridgeport, Connecticut with two other Yale law students interning at the Project. We spent a total of approximately 15 hours during those three days talking with injection drug users who were clients of the Bridgeport Syringe Exchange.

3. We secured declarations, three of which are attached as exhibits to this declaration, based on our conversations with Exchange clients, documenting the clients' encounters with officers of the Bridgeport Police Department. Exhibits A, B, and C are true and correct copies of these three declarations.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 27th day of September 2005 in New Haven, Connecticut.


Mollie Lee

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading/document was served on Barbara Massaro, counsel for the defendants, on October 11, 2005, as shown below:

____ By first class mail to: Office of Bridgeport City Attorney, 999 Broad Street, Bridgeport, CT 06604.

_α_ By overnight courier to: Bridgeport City Attorney, 999 Broad Street, Bridgeport, CT 06604.

____ By facsimile transmission to (203) 576-8252.

_____

# EXHIBIT A

# DECLARATION OF JOHN DOE

I, John Doe, declare as follows

1. I am 33 years old and a resident of Bridgeport, Connecticut.

2. I use heroin on a daily basis, and have done so since December 2001. My heroin addiction stems from the fact that I worked as a roofer for ten years and developed serious back problems. I was prescribed numerous pain-killers and got addicted to them. I then switched to heroine after I could no longer afford prescription medications.

3. I regularly use the City of Bridgeport Syringe Exchange Program to obtain syringes and other sterile equipment in order to inject heroin. I want to use sterile injection equipment so because they are very important in preventing the spread of disease.

4. Beyond just getting sterile injection equipment, I rely on the Exchange Program for information about detox, rehabilitation, and other treatment options. The people at the Exchange Program also talk to me about my problems. Without the help of the Exchange, I doubt that I would be able to find treatment.

5. The Bridgeport police have been interfering with my ability to use the Exchange. They seem to hover close to the exchange and often stop me.

6. In mid-January, around 1:30 in the afternoon, I drove from my home to the Bridgeport Health Department, where I knew I would find the syringe exchange van. I obtained new, sterile injection equipment in exchange for used equipment that I returned to the exchange.

7. After I left the exchange, I got into my car. I had driven one block when I noticed a police car following me. After I had driven approximately two blocks more, one police car pulled up in front of me and another police car pulled in back. Four police officers emerged from

the two cars. I could tell that they were Tactical Narcotics Officers because they were dressed in all black uniforms that I have seen Narcotics Officers wear before. I believe that the officer known as El Diablo (his first name is Pablito) was among those who stopped me.

8. An officer came and banged on my windows and ordered me to get out of the car. I followed his orders and got out of the car. The officer searched me. As he searched me, I told him that I had clean syringes in the car and showed him my SEP card. The police officer tore my card up. He went into my car and took the sterile injection equipment that I had received from the Exchange.

9. The officers then searched the entirety of my car. They looked in the glove compartment, and trunk. They then removed the back seat from the car and also looked under the hood of the car. They did not find any drugs. When I asked the officers why I had been stopped, they said "It's none of your business." The entire stop took forty-five minutes.

10. This incident has made be afraid of going to the syringe exchange van. I felt violated because the police stopped me just because I was at the Exchange. I feel that I must be extremely careful and make sure that there are no police in the area before I approach the van.

I declare under penalty of perjury under the laws of the United States of America and the State of Connecticut that the foregoing is true and correct to the best of my knowledge, and that this declaration was executed this 26 day of March, 2004 in Bridgeport, Connecticut.

[signature of real name redacted]
John Doe

Decl. of John Doe in Support of Mot. Contempt                                                                                     3

# EXHIBIT B

# DECLARATION OF John Doe 2

I, John Doe 2, declare as follows:

1. I am 27 years old and a resident of Bridgeport Connecticut.

2. I use heroin on a daily basis, and have done so since 1997. I began using heroin because my friends used it and introduced it to me.

3. I regularly use the City of Bridgeport Syringe Exchange Program to obtain sterile equipment. I want to use sterile injection equipment so that I can avoid getting diseases like Hepatitis and HIV.

4. Other than just getting sterile injection equipment, I use the Exchange Program for information about detox and drug treatment programs. I have attended two detox programs, both of which the workers at the Syringe Exchange Program recommended. Though I have relapsed, I will be starting another drug treatment program in Guenster on April 16. This program was also recommended to me by workers at the Syringe Exchange Program.

5. The Bridgeport police constantly interfere with my ability to use the Exchange. The police hover close to the Exchange van, and they often stop me and search me after I leave the van. The police stop me, ask me if I have drugs, but when I tell them that I only have syringes from the Exchange Program, they don't care and search me anyway. They tell me that I should get into a program, but they just harass me and make it harder to use the Exchange where I get information and help finding treatment.

6. Their harassment makes me avoid coming to the van and makes getting clean syringes more difficult. Other people also tell me that they are unwilling to come to the van because of this harassment.

Decl. of John Doe 2 in Support of Mot. Contempt

7. The most recent time the police harassed me for using the Exchange Program was on or around January 14, 2004 at approximately 3 p.m. I went to the Syringe Exchange van to exchange three sets of injection equipment. I exchanged my syringes and left the van to walk home. When I was two blocks away from the van, on the corner of Ogden Street and East Main St., two officers in a car pulled up behind me. The police jumped out. They told me to stand against the wall and searched me. While they were searching me, I told them that I had three syringes that I got from the Exchange and that I had my Syringe Exchange Program ID card, which enables me to exchange syringes. I asked if they wanted me to take the syringes out of my pocket. The police told me to take them out. I took the syringes out of my pocket and handed them to the police. The police looked at the syringes to see if they were used. They asked me to show them my Syringe Exchange Program ID card. I showed them my card, but they told me that I couldn't have the syringes anyway. They took the syringes and told me to leave.

8. Incidents like this make me afraid to use the Syringe Exchange van. The police are out of control. Sometimes I'm scared even to go out and buy something to eat.

I declare under penalty of perjury under the laws of the United States of America and the State of Connecticut that the foregoing is true and correct to the best of my knowledge, and that this declaration was executed this __2__ day of __April__, 2004 in __Bridgeport__, Connecticut.

[signature of real name redacted]
John Doe 2

Decl. of John Doe 2 in Support of Mot. Contempt

# EXHIBIT C

## DECLARATION OF JOHN DOE 4

I, John Doe 4, declare as follows:

1. I am a plaintiff in this action. I am filing this Declaration under a fictitious name because I fear harassment and embarrassment, both now and in the future, if I am publicly identified as a drug user.

2. I am 35 years old and a resident of Bridgeport Connecticut, though I am currently an inmate at Northern Correctional Institute.

3. Though I do not use heroin in jail, I generally use heroin on a daily basis, and have done so since 1983, when I was fifteen years old.

4. I regularly used the City of Bridgeport Syringe Exchange Program to obtain syringes and other sterile equipment in order to inject heroin. I wanted to use sterile injection equipment to protect myself from HIV. Also, I have hepatitis C and did not want to pass it on to anyone else. I want to protect myself and others from disease.

5. Beyond just getting sterile injection equipment, I relied on the Exchange Program for information about safe injection practices, and to find out about drug treatment programs. The workers at the van signed me up for and drove me to four detox programs.

6. I used the Exchange Van because the Health Department is across the street from a police station, and I was afraid of harassment from the police. But the Bridgeport police have been harassing me and other users of the van. Their harassment made me afraid to go to the van and made it more difficult to get clean injection equipment.

7. On or about July 14, 2003, I went to the syringe exchange van at approximately 2:30 to exchange seven syringes. The van was parked on East Main St. I walked towards my

house, and had gone only one block when I was stopped in front of the Salvation Army store on East Main and Shelton. Two officers approached me and made me stand against the wall in order to search me. I told them that I had clean syringes and showed them my Exchange Program ID card. They took my clean syringes and my card and then let me go.

8. On or about January 15, 2004, at approximately 1:30, I went to the syringe exchange van to say hello to Ann, the woman who drives the van. Ann has helped me by finding detox programs and I am very grateful to her. The van was parked on East Main St. As soon as I came out of truck I was stopped on Shelton and East Main. Two police offers came out of a police car and approached me. They said that since I had been to the van, I must have drugs on me. The police made me stand against the wall and searched me. They found nothing. They then offered me money to buy drugs and be an informant. When I refused, they became angry and slapped me in the face three times.

9. Incidents like this made me and other people afraid to use the Syringe Exchange van. Sometimes I would try to find someone else to go to the van for me. But I didn't have anywhere else to go to get clean needles, so if I went to the van I would come and go as quickly as possible.

10. I declare under penalty of perjury under the laws of the United States of America and the State of Connecticut that the foregoing is true and correct to the best of my knowledge, and that this declaration was executed this 30th day of April, 2004 in _Somv_, Connecticut.

_____
John Doe 4*

*Motion for Permission to Proceed Under Fictitious Name has been filed separately.

Decl. of John Doe 4 in Support of Mot. Contempt                                                    3