GRAHAM A. BOYD (CBN 18419)
REBECCA BERNHARDT (PHV 0616)
ADAM B. WOLF (PHV 0617)
MICHAEL PEREZ (PHV 0618)
AMERICAN CIVIL LIBERTIES UNION
DRUG LAW REFORM PROJECT
1101 Pacific Ave., Suite 333
Santa Cruz, CA  95060
Tel:  (831) 471-9000
Fax:  (831) 471-9676

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE, JOHN ROE, & CONNECTICUT HARM REDUCTION COALITION,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>BRIDGEPORT POLICE DEPARTMENT & ANTHONY ARMENO,* Acting Chief of the Bridgeport Police Department, in his official capacity only,<br><br>　　　　Defendants. | Case No. 3-00-cv-2167 (JCH)<br><br>**PLAINTIFFS' REQUEST FOR RULING ON MOTION FOR CONTEMPT AND WITHDRAWAL OF REQUEST FOR HEARING**<br><br>Court: Hon. Janet C. Hall<br>Filed: Oct. 24, 2005 |

Plaintiffs filed a motion on September, 28 2005, to hold defendants in contempt of court, documenting a pattern of willful violations of this Court's order issued in *Doe v. Bridgeport Police Department*, 198 F.R.D. 325 (D. Conn. 2001).   Under the Court's Local Rules,

---

\*　　Plaintiffs request that Anthony Armeno, Acting Chief of Police of the Bridgeport Police Department, be substituted for Wilber Chapman, the former Chief of Police of the Bridgeport Police Department.

defendants must have filed an opposition to this motion, if any, no later than October 19, 2005. D. Conn. L. Civ. R. 7(a).[1] This date has passed without defendants opposing plaintiffs' motion.

Plaintiffs respectfully request that the Court now grant plaintiffs' motion. The Local Rules caution that a party's "[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion." *Id.* Even without the guidance of Local Rule 7(a), the Court should grant plaintiffs' motion because plaintiffs have demonstrated through clear and convincing evidence that defendants have been violating this Court's clear and unambiguous Order and that defendants have not been reasonably diligent and energetic in ensuring compliance with this Order. *See United States v. O'Rourke*, 943 F.2d 180, 189 (2d Cir. 1991) (providing the standard for granting a motion for contempt).[2]

In their contempt motion, plaintiffs requested various relief measures to ensure defendants' compliance with the injunction and to compensate the victims of the BPD officers' illegal actions. Since defendants have not responded to this motion, plaintiffs are concerned that the remedies they have requested thus far will not alter defendants' conduct. Plaintiffs' requested relief included a meeting between plaintiffs and defendants, in addition to, *inter alia*, monetary fines and attorney fees. In order to make such a meeting efficacious, plaintiffs suggest that the meeting be conducted under judicial supervision, namely, a mediation over which the

---

[1] Local Rule 7(a) provides that a party that elects to oppose a motion must file an opposition within 21 days of the filing of the motion. *See also* Fed. R. Civ. P. 6(a) (noting that weekends and holidays are excluded from the time computation only when the prescribed time period is less than 11 days); D. Conn. L. Civ. R. 6 (stating that Federal Rule of Civil Procedure 6 "shall govern the computation of time limitations for purposes of computing any period of time").

[2] Considering defendants have not opposed the contempt motion, plaintiffs withdraw their request for a hearing on this motion. Should the Court decide that a hearing would be helpful, however, plaintiffs of course would be willing to participate in such a hearing.

Pls. Req. for Ruling on Mot. for Contempt and W/D of Req. for Hrg.
Case No. 3-00-cv-2167 (JCH)                                                         2

1  Court presides.  Plaintiffs hope that a mediation, in addition to the other relief they seek, would
2  stop defendants from violating plaintiffs' constitutional rights and this Court's order.
3
4  Dated:  October 24, 2005                    Respectfully submitted,
5
6                                              Adam B. Wolf
                                               Graham A. Boyd
7                                              Rebecca Bernhardt
                                               Michael Perez
8                                              AMERICAN CIVIL LIBERTIES UNION
                                                  DRUG LAW REFORM PROJECT
9                                              1101 Pacific Ave., Suite 333
10                                             Santa Cruz, CA  95060
                                               Telephone:  (831) 471-9000
11                                             Fax:  (831) 471-9676
12
13                                             By: /s/ Adam Wolf
                                                   Adam B. Wolf (PVH 0607)
14
15                                             Attorneys for Plaintiffs
16
17
18
19
20
21
22
23
24
25
26
27
28

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading/document was served on Barbara Massaro, counsel for the defendants, on October 24, 2005, as shown below:

____   By first class mail to: Office of Bridgeport City Attorney, 999 Broad Street, Bridgeport, CT 06604.

  X    By overnight courier to: Bridgeport City Attorney, 999 Broad Street, Bridgeport, CT 06604.

____   By facsimile transmission to (203) 576-8252.

_____
Stevi N. Barton