| | | |
|---|---|---|
| **CITY ATTORNEY**<br>Mark T. Anastasi<br><br>**DEPUTY CITY ATTORNEY**<br>Salvatore C. DePiano<br><br>**ASSOCIATE CITY ATTORNEYS**<br>John H. Barton<br>Gregory M. Conte<br>Melanie J. Howlett<br>Russell D. Liskov<br>Barbara Brazzel-Massaro<br>John R. Mitola<br>Ronald J. Pacacha<br>Lisa R. Trachtenburg | **CITY OF BRIDGEPORT**<br>**OFFICE OF THE CITY A[TTORNEY]**<br>999 Broad Street<br>Bridgeport, Connecticut 06604-4328<br> | **[AS]SISTANT CITY ATTORNEYS**<br>Christine Donahue Brown<br>Arthur C. Laske III<br>R. Christopher Meyer<br>Stephen J. Sedensky, Jr.<br><br>**LEGAL ADMINISTRATOR**<br>Kathleen Pacacha<br><br>Telephone (203) 576-7647<br>Facsimile (203) 576-8252 |

September 13, 2005

Rebecca Bernhardt
American Civil Liberties Union
1101 Pacific Avenue
Suite 333
Santa Cruz, California

RE: Needle Exchange program
   Letter of August 15, 2005 re: Doe v. City of Bridgeport

Dear Ms. Bernhardt:

      I am in receipt of your letter dated August 15, 2005 concerning the Doe v. Bridgeport Police Department legal action. In your correspondence you have indicated that during the course of the last four years you have received numerous complaints and you provided a vague description of four complaints you have received. Unfortunately, it is difficult given the passage of time and the sketchy information to determine whether the situations are accurately relayed or involve Bridgeport patrol officers. I do recall in the complaint filed in 2001, one of the incidents seemed to involve a Park police officer and not a City of Bridgeport patrol officer. Despite the limited facts provided in your correspondence, I contacted the Chief of Police, the supervisor for Narcotics and Vice and the supervisor for the patrol officers in an effort to address your concerns. None of these individuals were aware of any complaints being filed during the last four years related to this issue. However, each of the supervisors and the Chief were interested in immediately addressing the alleged incidents and preventing any potentially improper stops or searches that would infringe upon the civil rights of any needle exchange participant. The Bridgeport Police Department believes that instead of waiting for any further discussion and without making any judgments as to the activities engaged in by the police officers, the Department has implemented a stepped up educational initiative as well as a strict warning of discipline to any police officers who engages in this behavior.

 34

In discussion of the allegations that are set forth in your correspondence, I was reminded that in a meeting of the Police Department officials and the Health Department in 2002 concerning the continued monitoring of this situation it was understood that the officials would encourage any individual who believes a Bridgeport Police Officer has infringed upon his/her rights pursuant to the Needle Exchange Program to file a citizens complaint with the Office of Internal Affairs. The supervisors at my request contacted the Internal Affairs Division to determine if there were any citizen complaints. There is not a single complaint relating to this issue that has been filed with Internal Affairs. Likewise, there are no complaints made to the director of Public Health in the City of Bridgeport.

One of the most disturbing aspects of your representations is that the Police Administration cannot identify if there are actually patrol officers as opposed to housing police or park police who have confronted the clients. The City of Bridgeport and the Bridgeport Police Department encourage you to provide to the Office of Internal Affairs the name or identities of any officers who you contend are acting outside the limits of the law. This information will be utilized to address any improper behavior and to correct and eliminate any misunderstandings or misapplication of the law. The City would welcome from you such assistance regarding alleged past incidents and continues to encourage use of the Barros Citizen Complaint procedures to address any allegations of police procedures that you allege violate civil rights. (See attached form)

The City of Bridgeport remains fully committed to aiding the needle exchange program for the benefit of the citizens and also to protect the officers. In 2001 the City of Bridgeport Police Department in response to the legal action provided training to the police officers about the law in classes and through a training bulletin. In response to your recent claims the City of Bridgeport is preparing to once again initiate some training regarding the statute. The Bridgeport Police Department will beginning next week at each and every line up for five consecutive days read the training bulletin that I have attached to the officers. It will also provide a copy of the training bulletin to each and every officer. The Narcotics and Vice Division will also read the training bulletin for five days and provide a copy to the officers assigned to that division. The patrol supervisor will also contact the housing and park police to provide them with this bulletin for their information.

Lastly, I have reached out to the Health Department to determine if they can assist us in addressing any concerns their clients may have. I must once again emphasize that we need your cooperation in providing speedy information as to any officer who does not follow the law in this regard. The City of Bridgeport will not tolerate any officer who acts contrary to the law and will be prepared to discipline if necessary. However, we need your assistance if there is a concern.

If you have any questions or would like to discuss this matter further please contact me as the legal counsel for the City of Bridgeport and the Bridgeport Police Department.

Very truly yours,

*Barbara B. Massaro*

Barbara Brazzel-Massaro
Associate City Attorney

Pc: Mark T. Anastasi, City Attorney
    Acting Chief Anthony Armeno
    Charles Carroll, Chief of Staff

CITY OF BRIDGEPORT
# DEPARTMENT OF POLICE
300 CONGRESS STREET
BRIDGEPORT, CONNECTICUT 06604

ANTHONY S. ARMENO
Chief of Police



H-05-0029

## MEMORANDUM

TO: ALL COMMANDS

FROM: D.C. JAMES HONIS

RE: **BRIDGEPORT NEEDLE EXCHANGE PROGRAM**

DATE: SEPT. 13, 2005

The attached memorandum regarding the Bridgeport Needle Exchange Program is to be read at all lineups for the next five days. A copy of the memorandum will be distributed to every member of the Department.

Enc.

JH:hws

Cc: A/Chief A. Armeno
 Capt. R. Craw, Central Comm.
 Capt. L. Samatulski, West Comm.
 Capt. N. Kearney, East Comm.

34

<u>TO BE READ IN CONJUNCTION WITH TRAINING BULLETIN ON NEEDLE EXCHANGE PROGRAM</u>

THERE HAS BEEN A COMPLAINT TO THE BRIDGEPORT POLICE DEPARTMENT CONCERNING THE ALLEGED IMPROPER STOP, SEARCH AND ARREST OF INDIVIDUALS IN THE NEEDLE EXCHANGE PROGRAM.

IN 2002 THE BRIDGEPORT POLICE DEPARTMENT WAS INVOLVED IN A LEGAL ACTION THAT QUESTIONED THE INTENT OF THE STATUTE THAT PERMITS THE POSSESSION OF UP TO 30 HYPODERMIC NEEDLES. THE DEPARTMENT QUESTIONED WHETHER RESIDUE OF A NARCOTIC SUBSTANCE IN THE NEEDLES WITHOUT MORE CONSTITUTED A VIOLATION OF THE LAWS OF THE STATE OF CONNECTICUT. IN 2002 THE FEDERAL COURT STATED:

'DEFENDANT BRIDGEPORT POLICE DEPARTMENT AND WILBER L. CHAPMAN, CHIEF OF THE BRIDGEPORT POLICE DEPARTMENT, THEIR AGENTS, EMPLOYEES, ASSIGNS, AND ALL PERSONS ACTING INCONCERT OR PARTICIPATING WITH THEM ARE ENJOINED AND RESTRAINED FROM SEARCHING, STOPPING, ARRESTING, PUNISHING OR PENALIZING IN ANY WAY, OR THREATENING TO SEARCH, STOP, ARREST, PUNISH OR PENALIZE IN ANY WAY, ANY PERSON BASED SOLELY UPON THAT PERSON'S POSSESSION OF UP TO THIRTY SETS OF HYPODERMIC EQUIPMENT, WITHIN THE SCOPE OF CONN. GEN. STATUTE 21a-240 (20) (A) (ix) WHETHER STERILE OR PREVIOUSLY-USED, OR OF A TRACE AMOUNT OF NARCOTIC SUBSTANCES CONTAINED THEREIN AS RESIDUE"

THERE HAS BEEN A RECENT COMPLAINT THAT SOME MEMBERS OF THE BRIDGEPORT POLICE HAVE STOPPED AND CONFISCATED CLEAN SYRINGES CARRIED BY PARTICIPANTS IN THE NEEDLE EXCHANGE PROGRAM WITH NO BASIS OTHER THAN THE POSSESSION OF THE SYRINGE. ADDITIONALLY, THERE HAVE BEEN RECENT COMPLAINTS THAT OFFICERS HAVE TAKEN NEEDLE EXCHANGE ID CARDS AND DESTROYED THE CARD OR TORE IT UP. IF SUCH ACTIONS HAVE OCCURRED THEY WOULD BE INCONSISTENT WITH THE LAW.

ANY IMPROPER CONDUCT RELATED TO THIS ISSUE WILL RESULT IN DISCIPLINE FOR THOSE INVOLVED. IF A LAW SUIT IS FILED AGAINST A PARTICULAR OFFICER THAT CONTENDS AND PROVES A VIOLATION OF THIS LAW, THE City OF BRIDGEPORT WILL NOT REPRESENT OR BE RESPONSIBLE FOR THE PAYMENT OF ANY DAMAGES. AS A REMINDER OF

THE LAW IN THIS REGARD WE WILL PROVIDE TO EACH OF YOU A COPY OF THE TRAINING BULLETIN AND WILL READ THE CONTENTS OF THE BULLETIN TO YOU AT THIS TIME.

BRIDGEPORT POLICE DEPARTMENT

MEMORANDUM

BRIDGEPORT NEEDLE EXCHANGE PROGRAM

The Bridgeport Needle Exchange Program has been in operation since the spring of 1993. The reason for the needle exchange is to help curb the spread of HIV among intravenous drug users, their sexual partners, their offspring, and the community as a whole.

A number of scientific studies have been done with respect to the effectiveness of needle exchange. The National Academy of Science showed that needle exchange is effective in curbing the spread of HIV and does not increase drug use. The National Institute on Health stated the same conclusions, and Yale University did many studies that showed the same results. One of the most interesting studies was done by Yale University which showed the bridge between needle exchange and treatment, and that there was a lesser number of discarded syringes in the community because of this program.

There are also benefits to police officers with needle exchange. If an officer is doing a search of an individual and that individual has a syringe that is new, there is a much lesser risk to the officer of becoming infected with a bloodborne disease should he or she be pricked by that syringe during that search. If there was no needle exchange, or a place where individuals could get clean syringes, an officer who was pricked by a syringe would have a greater chance of being infected. The less time a syringe is in circulation, the less likely it is to be contaminated.

Public Act #92-185, as amended for the State of Connecticut refers to the Needle Exchange Programs and the sale of syringes in pharmacies in this State. 19a-124(b) defines "Drug Paraphernalia" and 21a-240(20)(A)(IX) refers to the amount of syringes a person is allowed to carry, which is up to thirty (30) syringes. It is only considered to be drug paraphernalia when.." in a quantity greater than thirty, hypodermic syringes, needles and other objects used, intended for use, or designed for use in parenterally injecting controlled substances into the human body..."

It should be noted all individuals on the Bridgeport Needle Exchange Program are given laminated ID cards issued by the Bridgeport Health Department. These laminated ID cards are not to be tampered with or confiscated.

# Citizen Complaint Form

**TO BE COMPLETED BY THE PERSON MAKING THE COMPLAINT**

DATE OF COMPLAINT: _____     TIME OF COMPLAINT: _____

NAME : _____     SEX : _____ DATE OF BIRTH : _____

ADDRESS: _____     PHONE NUMBERS : _____

| WITNESSES: | SEX: | AGE: | PHONE NUMBERS: |
|---|---|---|---|
| 1. _____ | ____ | ____ | _____ |
| 2. _____ | ____ | ____ | _____ |
| 3. _____ | ____ | ____ | _____ |

| OFFICERS INVOLVED: NAME | BADGE NO. | SEX | RACE | CAR NUMBER |
|---|---|---|---|---|
| 1. _____ | _____ | ____ | ____ | _____ |
| 2. _____ | _____ | ____ | ____ | _____ |
| 3. _____ | _____ | ____ | ____ | _____ |

DATE AND TIME OF INCIDENT: _____     LOCATION OF INCIDENT: _____

WERE YOU ARRESTED? : (   ) YES   (   ) NO   WERE YOU INJURED? : (   ) YES (   ) NO

DESCRIPTION OF INJURIES : _____

DID YOU RECEIVE MEDICAL TREATMENT?   ( ) YES ( ) NO      IF YES PLEASE INDICATE WHERE AND BY WHOM: _____

DESCRIPTION OF INCIDENT:   (USE THE REVERSE SIDE OF THIS FORM IF MORE SPACE IS NEEDED: ) _____
_____
_____
_____

I AM AWARE OF THE OBLIGATION OF AN OATH AND OF THE FACTS THAT THE KNOWINGLY GIVING OF EITHER A FALSE STATEMENT OR FALSE INFORMATION IS UNLAWFUL AND PUNISHABLE BY LAW UNDER SECTIONS 53A-155 AND/OR 53A-157 OF THE CONNECTICUT GENERAL STATUTES.

IF YOU FEEL THAT YOU NEED AID IN COMPLETING THIS FORM, YOU MAY CONTACT ANY AGENCY INCLUDING THE NAACP AT 334-3105, THE SPANISH AMERICAN DEVELOPMENT AGENCY (SADA) AT 333-5193, OR THE PUERTO RICAN COALITION AT 368-6781.

DATE: _____     COMPLAINANT SIGNATURE: _____

OFFICER INITIAL BELOW
COPY OF CC-1 TO CITIZEN : _____
FILE CARD COMPLETED : _____
FILE NUMBER : _____

SUBSCRIBED AND SWORN TO BEFORE ME ON
THIS _____ DAY OF _____ 20____

_____
SIGNATURE OF POLICE SUPERVISOR OR NOTARY GIVING OATH

OIA: DATE COMPLAINT RECEIVED: _____     CASE NUMBER ASSIGNED: _____

ENCLOSURE A
FORM CC-1                                                                           REVISED 01/2003

| | CITY OF BRIDGEPORT | |
|---|---|---|
| **CITY ATTORNEY**<br>Mark T. Anastasi | **OFFICE OF THE CITY**<br>999 Broad Street<br>Bridgeport, Connecticut 06604-4328 | ASSISTANT CITY ATTORNEYS<br>Christine Donahue Brown<br>Arthur C. Laske III<br>R. Christopher Meyer<br>Stephen J. Sedensky, Jr. |
| **DEPUTY CITY ATTORNEY**<br>Salvatore C. DePiano | | |
| **ASSOCIATE CITY ATTORNEYS**<br>John H. Barton<br>Gregory M. Conte<br>Melanie J. Howlett<br>Russell D. Liskov<br>Barbara Brazzel-Massaro<br>John R. Mitola<br>Ronald J. Pacacha<br>Lisa R. Trachtenburg |  | **LEGAL ADMINISTRATOR**<br>Kathleen Pacacha<br><br>Telephone (203) 576-7647<br>Facsimile (203) 576-8252 |

September 13, 2005

Mr. Adam Wolf
ACLU
1101 Pacific Avenue
Santa Cruz, California

RE: Doe v. Bridgeport Police Department

Mr. Adam Wolf:

    In accordance with our telephone conversation this afternoon, I was able to contact the office of the Chief of Police. I will be talking to him on Wednesday morning, September 14, 2005. I will call you in the morning to more fully discuss some of the issues with you. I would appreciate it if you could send some of the suggestions or thoughts that you and Ms. Bernhardt indicated you have discussed. As I indicated, I have a letter outlining some of the efforts already taken by the Police Department. I will provide that letter along with the training bulletin that addresses the program once I have the complete package.

    You can fax any information to my attention at the Office of the City Attorney on Wednesday morning.

    Thanks,

Very truly yours,

*Barbara B. Massaro*

Barbara Brazzel-Massaro
Associate City Attorney

34

CITY ATTORNEY
Mark T. Anastasi

DEPUTY CITY ATTORNEY
Salvatore C. DePiano

ASSOCIATE CITY ATTORNEYS
John H. Barton
Gregory M. Conte
Melanie J. Howlett
Russell D. Liskov
Barbara Brazzel-Massaro
John R. Mitola
Ronald J. Pacacha
Lisa R. Trachtenburg

CITY OF BRIDGEP[ORT]
OFFICE OF THE CITY [ATTORNEY]
999 Broad Street
Bridgeport, Connecticut 06604-4328

ASSISTANT CITY ATTORNEYS

Christine Donahue Brown
Arthur C. Laske III
R. Christopher Meyer
Stephen J. Sedensky, Jr.

LEGAL ADMINISTRATOR
Kathleen Pacacha

Telephone (203) 576-7647
Facsimile (203) 576-8252

September 15, 2005

BY FAX (831) 471-9676

Mr. Adam Wolf
Ms. Rebecca Bernhardt
1101 Pacific Avenue
Suite 333
Santa Cruz, California

RE: Needle Exchange Program - Doe v. City of Bridgeport

Dear Mr. Wolf and Ms. Bernhardt:

    Thank you for taking the telephone call yesterday afternoon from Acting Chief Armeno, Deputy Chief Honis, Mark Anastasi and myself on behalf of the Police Department. It was our hope that the telephone call and discussion would give us some additional responses from you to help the Police Department address your concerns. As the Chief and the City Attorney indicated yesterday, the Department immediately implemented measures to address your allegations. Although you did not have any specific requests or suggestions when we spoke yesterday afternoon it was my understanding that you were meeting and speaking with your clients at some time on Wednesday and that you will contact the City Attorney's Office with any issues or suggestions raised by your clients. If necessary, the Chief has indicated that he may be available next week to discuss any suggestions from you or your client, of course as stated this depends upon the viability of the suggestions.

    We look forward to receiving any further suggestions from you.

Very truly yours,

*Barbara B. Massaro*

Barbara Brazzel-Massaro
Associate City Attorney


Pc: Mark T. Anastasi, Esq.
    Acting Chief Anthony Armeno

CITY OF BRIDGEPORT
OFFICE OF THE CITY 
999 Broad Street
Bridgeport, Connecticut 06604-4328

CITY ATTORNEY
Mark T. Anastasi

DEPUTY CITY ATTORNEY
Salvatore C. DePiano

ASSOCIATE CITY ATTORNEYS
John H. Barton
Gregory M. Conte
Melanie J. Howlett
Russell D. Liskov
Barbara Brazzel-Massaro
John R. Mitola
Ronald J. Pacacha
Lisa R. Trachtenburg

ASSISTANT CITY ATTORNEYS
Christine Donahue Brown
Arthur C. Laske III
R. Christopher Meyer
Stephen J. Sedensky, Jr.

LEGAL ADMINISTRATOR
Kathleen Pacacha

Telephone (203) 576-7647
Facsimile (203) 576-8252

September 23, 2005

Dr. Marian Evans
Director, Public Health Department
City of Bridgeport
752 East Main Street
Bridgeport, Connecticut

RE: ACLU Correspondence and City of Bridgeport

Dear Dr. Evans:

    Thank you for taking the time to talk and work with us regarding the allegations of police misconduct and the needle exchange program participants. It was certainly helpful to hear from you that there have no been any complaints brought to your attention regarding police officers taking needles or ID cards of the participants of the needle exchange program. I have attached the letter sent by the ACLU regarding this issue and the recent response on September 23 for your information. As you can see from the correspondence there are allegations of four separate instances of the police interference with the program participants.

    As a part of our attempts to understand more fully the allegations, we have requested more information from the ACLU. This information has not been forthcoming. Despite their refusals to provide information or solutions for the alleged problems, you have been extremely helpful in stepping up our efforts to coordinate the work of your staff and the work of the police department to better utilize the program. In particular, the police department is working directly with Ms. Robin Clarke-Smith to develop additional educational initiatives and because of your approval the department has been able to provide her with the application for certification by the State of Connecticut to teach at the Academy. The Chief will be informing you of which officer he will be assigning as your liaison with the department. Lastly, Ms. Clarke-Smith has agreed to develop a complaint form which will be kept on the van or available to health professionals in the event there are complaints by clients that can be brought to the attention of the police department. Lastly, the Police Department is sending Ms. Clarke-Smith citizen complaint forms pursuant to the Barros Decree that can be provided by



| | CITY OF BRIDGEPORT | |
|---|---|---|
| **CITY ATTORNEY**<br>Mark T. Anastasi | **OFFICE OF THE CITY ATTORNEY**<br>999 Broad Street<br>Bridgeport, Connecticut 06604-4328 | [ASSOCIATE CITY ATTORN]EYS<br>Christine Donahue Brown<br>Arthur C. Laske III<br>R. Christopher Meyer<br>Stephen J. Sedensky, Jr. |
| **DEPUTY CITY ATTORNEY**<br>Salvatore C. DePiano | | |
| **ASSOCIATE CITY ATTORNEYS**<br>John H. Barton<br>Gregory M. Conte<br>Melanie J. Howlett<br>Russell D. Liskov<br>Barbara Brazzel-Massaro<br>John R. Mitola<br>Ronald J. Pacacha<br>Lisa R. Trachtenburg |  | **LEGAL ADMINISTRATOR**<br>Kathleen Pacacha<br><br>Telephone (203) 576-7647<br>Facsimile (203) 576-8252 |



September 26, 2005

Ms. Robin Clarke-Smith
Department of Public Health
City of Bridgeport
752 East Main Street
Bridgeport, Connecticut

Re: Needle Exchange Program and Meeting with the Chief

Dear Robin:

    Thank you for taking the time on Wednesday, September 21, 2005 to offer some insight into the coordination of efforts by the police department and the health department in working with the clients of the needle exchange program. I had an opportunity to speak with Dr. Evans to inform her about the content of our discussions and summarized them for her. I have attached a copy of the letter Attorney Anastasi sent to her dated September 23, 2005 outlining the programs that we intend to continue and initiate to coordinate the communication with the police department and the health department.

    I have included in this envelope a copy of 25 citizen complaint forms in English and 25 in Spanish to be placed on the van. I look forward to getting a copy of the form which you have initiated to monitor any complaints from clients that can be addressed by Dr. Evans, the liaison with the police department and the Chief of Police.

    I have contacted Captain Radzmirski and asked him to re-schedule the class with the Narcotics and Vice officers because you are not available on September 27, 2005. If there are some dates that are not good for you please let me know. Captain Radzmirski indicated that the best time is 4 p.m. so that he can have both shifts available. If you do not hear from me in the next week please call so that I can be certain something is scheduled.




| | | |
|---|---|---|
| CITY ATTORNEY<br>Mark T. Anastasi<br><br>DEPUTY CITY ATTORNEY<br>Salvatore C. DePiano<br><br>ASSOCIATE CITY ATTORNEYS<br>John H. Barton<br>Gregory M. Conte<br>Melanie J. Howlett<br>Russell D. Liskov<br>Barbara Brazzel-Massaro<br>John R. Mitola<br>Ronald J. Pacacha<br>Lisa R. Trachtenburg | CITY OF BRIDGEPORT<br>OFFICE OF THE CITY<br>999 Broad Street<br>Bridgeport, Connecticut 0660 | ASSISTANT CITY ATTORNEYS<br><br>Christine Donahue Brown<br>Arthur C. Laske III<br>R. Christopher Meyer<br>Stephen J. Sedensky, Jr.<br><br>LEGAL ADMINISTRATOR<br>Kathleen Pacacha<br><br>Telephone (203) 576-7647<br>Facsimile (203) 576-8252 |

September 22, 2005

Mr. Adam Wolf
1101 Pacific Avenue
Suite 333
Santa Cruz, California

RE: Correspondence dated September 15, 2005
City of Bridgeport reinforcement of oversight, reporting and training

Dear Mr. Wolf:

    We received your letter and were extremely disappointed that you have refused to provide the Chief of Police or his designees any information in order to expand the response to your broad allegations of police interaction with clientele of the needle exchange program or suggestions to implement procedures to address alleged wrongdoing. Chief Armeno was very clear in our telephone conference with you on September 14th that he is extremely sensitive to your concerns (although he has no verification as to the reliability of your contentions) and has taken immediate steps to strengthen the interaction between the health department and the police.

    The Chief has demonstrated his commitment to correct any suggested impropriety by implementing a new educational initiative along with stricter command level oversight and developing a pro-active working relationship with the health department. The information that you refer to in your letter is so lacking in support that the City has encountered difficulty discovering any specific instance as alleged by you. Therefore, in response to your allegations the Chief and our office have gone directly to the source, that is, the Department of Public Health and the individual responsible for oversight of the program. Dr. Evans indicated very clearly that she received absolutely no recent complaints as alleged in your correspondence. Additionally, in a search for any complaints it was learned that there is no documentation to support a complaint being forwarded to any employee within the needle exchange program, or to the Office of Internal Affairs through a citizen's complaint.

Even though there is no specific allegation that the City can attribute to any particular officer, time or event, the City through the Chief and Director of Health have taken steps to aid the operation of the program. In particular, the Bridgeport Police Department has completed 5 consecutive days of training to each and every line up covering not only the needle exchange program but also warning of consequences if an officer fails to follow the law. The Director of Public Health is permitting the Needle Exchange Coordinator, Ms. Robin Clarke-Smith to submit an application to the State of Connecticut for certification as in the Bridgeport Training Academy. Ms. Robin Clarke-Smith has also agreed to meet and discuss the program separately with the Narcotics and Vice Division of the Bridgeport Police Department. Dr. Evans is in the process of working with Chief Armeno to appoint a liaison from the Police Department and from the Health Department to discuss police and health issues including the needle exchange program. Ms. Robin Clarke-Smith will provide to the liaison from the police department a schedule of locations of the van for at least a week at a time to prevent miscommunication and to facilitate command oversight. Ms. Robin Clarke-Smith has also agreed to create a form to be kept on the needle exchange van to log any complaints by clients of alleged improper police action and also to keep citizen complaint forms to provide to clients who allege improper behavior by the police officers. Lastly, the Police Department and the Health Department are attempting to develop an informational sheet to distribute to police officers outlining the agencies or organizations so that officers can refer individuals for assistance if needed.

It appears that at this time the Chief of Police and the Department of Public Health have done everything possible to alleviate the alleged problems even though there is no verification or indication of reliability. Neither you nor your clients have offered a scintilla of constructive advise, and instead continue to make broad allegations. The unreasonable refusal of your clients to utilize the federal court ordered Barros Civilian Complaint process in any manner belatedly, and to refuse to provide specific information pertaining to alleged wrongdoing of individual police personnel denies the Department further opportunities to correct or even discipline officers who you allege acted improperly. Given the total unwillingness of your clients or you to provide any specific alternatives or to engage in the process established by the federal court to bring to light alleged improper police conduct, it appears that simply scheduling a meeting of you and City individuals would not be reasonable or productive at this time. However, if in the future you can provide information that will help to organize a meaningful discussion amongst the involved parties, the Chief along with our office and the Director of the Public Health Department would be willing to sit and work through any requested solutions.

Despite your lack of cooperation and in an effort to obtain more substantial information and background the Chief is now working hand in hand with the Director of Public Health, the supervising officer of Internal Affairs, at least one of the needle exchange program co-ordinators and supervising police officers. We believe the extensive actions taken by the departments have more than eliminated the broad concerns you raised in your August 15, 2005 letter.