

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN DOE | : | |
|        Plaintiff, | : | CIV. NO: 3:00CV2167 (JCH) |
| v. | : | |
| BRIDGEPORT POLICE DEPARTMENT, ET AL | : | |
|        Defendants | : | OCTOBER 19, 2005 |

### AFFIDAVIT

I, Captain Adam Radzmirski, being of sound mind do hereby depose and say:

1. I am over the age of eighteen and believe in the obligation of an oath.

2. I am making this affidavit of my own personal knowledge.

3. I am employed by the Bridgeport Police Department. I am presently a Captain assigned as the Commander of the Narcotics and Vice Division which houses the Tactical Narcotics Team ("TNT"). I began this assignment on August 12, 2002.

4. Sometime in August of 2005 I became aware of correspondence through the Office of the Chief of Police that was sent by the ACLU to the Bridgeport Police

Department concerning allegations that at four separate times individuals were stopped by police officers and syringes were taken.

5.  I did some internal investigation as to whether the allegations may have involved officers assigned to the Narcotics and Vice Division. I spoke with the officers and supervisors, as well as obtained some background regarding the locations of the needle exchange van that operates in Bridgeport. At the conclusion of my inquiry, I was convinced that the claims did not involve activities of the officers assigned to my Division not only as a result of my investigation but, additionally, because it is contrary to the priority of our Division that concentrates on the sale of narcotics.

6.  Thereafter, it was determined through the Chief of Police that each police officer, including those assigned to Narcotics and Vice, would receive an updated copy of the training bulletin of the City of Bridgeport Police Department regarding the Court Order and the behavior of police officers in relation to individuals who were utilizing the services of the needle exchange van. This bulletin, along with a memorandum from the Chief, was also read for five consecutive days at each lineup within the Division.

7.  I was asked by the Chief of Police to attend a meeting in September, 2005 along with the Deputy Chief, Training Commander, Internal Affairs, and members of the Office of the City Attorney, during which time a telephone call was made to the

representatives of the ACLU to obtain some clearer indication of the time, day, and location of the alleged incidents so that we could better investigate them, identify any officers involved, and specifically focus our corrective actions on them. The counsel for the ACLU was not available. Even though the attorney was not available to help resolve the complaints, the Chief requested that we follow through with the training bulletin. I also requested a copy of the schedule for the needle exchange van so that I could be certain there were no conflicts with the operations of my Division. Thereafter, I also requested more specific information as to dates and locations of the alleged incidents so that I could determine if there was any involvement with my Division. I never received this information.

8.    In addition to the training bulletin, I arranged with the Office of the City Attorney to have a Health Department employee familiar with the statutes and the operation of the Needle Exchange Program come to speak to the officers in my division. This was scheduled for September, 2005 but was cancelled because Ms. Robin Clark-Smith was not available. It has been rescheduled for November 15, 2005.

9.    I have specifically talked to the officers assigned to my Division and have learned that no one has stopped, searched, threatened, punished or arrested any individual solely because he or she had injection equipment. I have also learned that the officers in this Division are not familiar with the locations of the van on a

daily basis. The allegations contained in the correspondence and declarations that I reviewed are not accurate. The officers in my Department are aware of the Court Order and did not and will not violate it.

Adam Radzmirski

Sworn and subscribed before me

this 19th day of October, 2005

Barbara Brazzel-Massaro
Commissioner of the Superior Court