

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN DOE | : | |
| | : | |
| Plaintiff, | : | CIV. NO: 3:00CV2167 (JCH) |
| v. | : | |
| | : | |
| BRIDGEPORT POLICE DEPARTMENT, ET AL | : | |
| | : | |
| Defendants | : | OCTOBER 25, 2005 |

### AFFIDAVIT

I, Police Officer John Gallant, being duly sworn, do hereby depose and say:

1. I am over the age of eighteen and believe in the obligation of an oath. I am making this affidavit of my own personal knowledge.

2. I am employed as a Bridgeport police officer and was assigned as an officer in the Patrol Division on August 27, 2004.

3. My duties and responsibilities were as a patrol officer on this date. I was familiar with the area of East Main Street and Jane Street and the needs of the public because this had been my assigned post for approximately 7 years. My duties were a combination of walking the area as well as some driving in my assigned area.

4. I have become aware that one of the incident reports that I wrote on August 27, 2004 has been included as an exhibit in the above referenced case. The incident report is #040 827107.

5. Although I do not recall all of the specifics of the incident, nor do I specifically know Mr. Rodriguez, I have reviewed the incident report to recollect what occurred on this date.

6. As a general background, I am very familiar with the location in this report because it is an intersection where the business owners have made numerous complaints about the gathering of individuals to loiter on the corner. It is an area where there is a lot of drug activity, that is sale and purchase. This illegal activity has led to numerous crimes in the area. As a patrol officer, on many occasions I see people loitering and causing a disturbance to the businesses. As part of my duties, I actually walk along this post. Because of the walking, I have an opportunity to talk to the merchants, residents, and, in fact, I am familiar with Robin Clark-Smith who helps with the syringe van.

7. On August 27, 2004, I was on patrol and there was no van in this area on this date. I made an arrest of Mr. Francisco Rodriguez, as stated in the incident report, because he was loitering, he failed to obey my order to leave, his actions were suspicious, and I found what I believed were narcotics on his person.

8. As a patrol officer I am aware that there is a van utilized to give syringes to individuals. Under the law, I understand that a person has a right to carry up to 30 hypodermic needles without being arrested for possession of just the hypodermic needles. The situation regarding Mr. Rodriguez did not, in my judgment, involve the fact that Mr. Rodriguez was solely in possession of hypodermic needles. As stated in the report, Mr. Rodriguez had other items considered drug paraphernalia and, at the same time, I believed was in possession of narcotics. Lastly, the fact that Mr. Rodriguez continued to remain in this location with a white towel wrapped around his right hand made him more suspicious and gave me reasonable suspicion to stop and search him because the area has a high drug crime problem and the merchants had been robbed numerous times..

9. Mr. Rodriguez' possession of a number of items, including a "cooker" and his loitering gave me probable cause to charge him with the violations.

10. I did not approach Mr. Rodriguez because he was a client of the Needle Exchange Program nor was I made aware that he was a client or solely because of the possession of hypodermic needles.

10. I am presently aware that as a result of the continuous loitering problems at this corner and the numerous complaints by the owners of businesses at the location, the Board of Police has recently approved and placed "no loitering" signs in this area.

_John W Gallant_
John Gallant

Sworn and subscribed before me

this 25th day of October, 2005

_Barbara D. Massaro_
Barbara Brazzel-Massaro
Commissioner of the Superior Court