

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN DOE | : | |
| Plaintiff, | : | CIV. NO: 3:00CV2167 (JCH) |
| v. | : | |
| BRIDGEPORT POLICE DEPARTMENT, ET AL | : | |
| Defendants | : | OCTOBER 26, 2005 |

### AFFIDAVIT

I, Lieutenant Roderick Porter, being duly sworn, do hereby depose and say:

1. I am over the age of eighteen and believe in the obligation of an oath.

2. I am making this affidavit of my own personal knowledge.

3. I am presently assigned as the Commander of the Division of Internal Affairs in the Bridgeport Police Department.

4. As the Commander, one of my duties is to oversee and assign for investigation every complaint submitted by a civilian known as a B-111 Complaint. These complaints are accepted and forwarded from within any division of the Bridgeport Police Department, but can be brought or mailed directly to the Bridgeport Police Department by the complainant or a representative of the complainant. The complainant has the right to assistance from a third party

BMF05124                              1

throughout the filing and investigation (Exhibit 1 -- <u>Barros Decree</u> procedure attached).

5.  The Division of Internal Affairs is located in offices within the City Hall Annex and has never been located in the physical structure of the Police Department.

6.  The investigation follows the procedure established by the Federal Court called the <u>Barros Decree</u> procedure (See Exhibit 1 attached).

7.  Any complaint, even if it does not specifically name a police officer, will be investigated and the officer is immediately identified by the Department through a number of methods.

8.  The Office of Internal Affairs completes its investigation with a final finding that is forwarded to the Board of Police Commissioners. If a complainant does not agree with the finding of the investigation, they have an opportunity to contest and have the Board of Police Commissioners hear and rule upon their objection to the finding.

9.  I have been asked to search for any complaints involving an improper stop, search, harassment or arrest by a police officer for solely hypodermic needles or improperly taking needles or syringes from individuals involved in the Needle Exchange Program pursuant to the State law or otherwise. I was not aware of any complaints, nor could I find any complaints filed by citizens during the time from January, 2001 to the present. There also have not been any civilian complaints filed

BMF05124

2

claiming officers harassed or hovered by the needle exchange van or claiming officers improperly stopped them, searched them, or confiscated needles or identification from them. I have searched our files as well as asked each of the officers assigned to this office to do so. No complaints were found. I conveyed this information to Deputy Chief Honis, Captain Radzimirski and the City Attorneys.

10. The civilian complaint forms are available from many church groups or civic organizations. In accordance with the <u>Barros</u> procedure, I have made complaint forms available to the Office of the City Attorney to be forwarded to the Health Department to be kept on the van (Exhibit 1 - Section III).

Roderick Porter

Sworn and subscribed before me

this 26th day of October, 2005

Barbara Brazzel-Massaro
Commissioner of the Superior Court

BMF05124

3