GRAHAM A. BOYD (CBN 18419)
REBECCA BERNHARDT (PHV 0616)
ADAM B. WOLF (PHV 0617)
AMERICAN CIVIL LIBERTIES UNION
        DRUG LAW REFORM PROJECT
1101 Pacific Ave., Suite 333
Santa Cruz, CA  95060
Tel:  (831) 471-9000
Fax:  (831) 471-9676

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

_____

|  |  |
|---|---|
| JOHN DOE, JOHN ROE, & CONNECTICUT HARM REDUCTION COALITION, | ) Case No. 3-00-cv-2167 (JCH) ) ) |
| Plaintiffs, | ) **PLAINTIFFS' OPPOSITION** |
|  | ) **TO DEFENDANTS' MOTION** |
| vs. | ) **TO CONTINUE HEARING ON** |
|  | ) **PLAINTIFFS' MOTION FOR** |
| BRIDGEPORT POLICE DEPARTMENT & | ) **CONTEMPT** |
| ANTHONY ARMENO,* Acting Chief of the Bridgeport | ) |
| Police Department, in his official capacity only, | ) Court: Hon. Janet C. Hall |
|  | ) Filed: November 4, 2005 |
| Defendants, | ) |

_____ )

        Plaintiffs hereby oppose defendants' motion to continue the hearing date on plaintiffs'

motion for contempt.  Defendants' motion is based on the fact that defendants recently scheduled

depositions for dates that conflict with the hearing date set by the Court.  As discussed briefly

below, defendants should not be able to avoid a quick resolution of a contempt motion by

scheduling depositions of plaintiffs' anonymous declarants, especially when defendants could

---

*     Plaintiffs request that Anthony Armeno, Acting Chief of Police of the Bridgeport Police
Department, be substituted for Wilber Chapman, the former Chief of Police of the Bridgeport
Police Department.

Pls.' Opp. To Defs.' Mot. to Cont. Hrg. on Pls.' Mot. for Contempt
Case No. 3-00-cv-2167 (JCH)

1  have the opportunity to cross-examine some of the declarants at the hearing the Court has

2  scheduled.

3        The Court appropriately set a hearing date to take place eight days after plaintiffs file

4  their reply brief in support of the motion for contempt.  Maintaining this hearing date is

5  important for the sake of resolving this matter expeditiously and of ensuring immediate

6  compliance with the Court's order and respect for plaintiffs' constitutional rights.  *Cf. Lund*

7  *Indus., Inc. v. GO Indus., Inc.*, 938 F.2d 1273, 1275 (Fed. Cir. 1991) (stating that a court should

8  hold a contempt hearing "expeditiously to protect litigants from [violations of the court's

9  order]").[1]

10       Full pre-trial discovery is not appropriate in this case in any event.  First, defendants

11  maintain that depositions are necessary to cross-examine the declarants for the purpose of

12  ascertaining their veracity.  However, defendants would have the opportunity to cross-examine

13  some of the declarants and other individuals if the Court is inclined to hear live testimony at the

14  hearing.  Defendants do not need two opportunities to cross-examine declarants who have

15  proceeded anonymously because of their concern for retaliation.  Second, if defendants continue

16  to press their discovery demands, the need for, and scope of, discovery is something that the

17  parties and the Court could address during the scheduled hearing.

18       Accordingly, plaintiffs respectfully request that the Court deny the defendants' motion to

19  continue the hearing date based on a purported need to cross-examine the declarants.  Defendants

20  may cross-examine individuals at the hearing set by the Court, and the Court can hear argument

21  concerning any outstanding discovery matters at that time.

22

23

24  _____

25  [1]     Should the Court grant defendants' motion, the hearing would not transpire until at least
mid-December.  Defendants' counsel is unable, due to travel plans and depositions scheduled in
26  other cases, to conclude depositions in this case until two days before Thanksgiving.  Plaintiffs'
counsel will be in Seattle, Washington for meetings on another case and will appear in the
27  United States Court of Appeals for the Ninth Circuit for oral argument in a different case during
the first two weeks of December.  Considering the schedules of counsel and the Court, plaintiffs
28  are concerned that any rescheduling of the hearing will result in plaintiffs' contempt motion not
being heard expeditiously.

Pls.' Opp. To Defs.' Mot. to Cont. Hrg. on Pls.' Mot. for Contempt
Case No. 3-00-cv-2167 (JCH)

1  Dated: November 4, 2005                Respectfully submitted,

2

3                                          Adam B. Wolf
                                           Graham A. Boyd
4                                          Rebecca Bernhardt
                                           AMERICAN CIVIL LIBERTIES UNION
5                                               DRUG LAW REFORM PROJECT
                                           1101 Pacific Ave., Suite 333
6                                          Santa Cruz, CA  95060
                                           Telephone:  (831) 471-9000
7                                          Fax:  (831) 471-9676

8

9

10                                         By: _____
                                               Adam B. Wolf (PHV 0617)
11
                                               Attorneys for Plaintiffs
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pls.' Reply in Support of Mot. for Contempt
Case No. 3-00-cv-2167 (JCH)