FILED

2005 NOV 17 A 10: 45

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN DOE | : | |
| Plaintiff, | : | CIV. NO: 3:00CV2167 (JCH) |
| v. | : | |
| BRIDGEPORT POLICE DEPARTMENT, ET AL | : | |
| Defendants | : | NOVEMBER 17, 2005 |

## DEFENDANTS' MOTION TO STRIKE THE DECLARATIONS SUBMITTED BY THE PLAINTIFFS

### Introduction

The Plaintiffs have attached to their Motion for Contempt a number of documents that they contend are "declarations." The documents have been utilized as the support for the Plaintiffs' Motion for Contempt.[1] However, the Defendants contend that the documents, as a whole and in portion, do not satisfy the legal requirements to be considered by this Court as a part of the Motion.

1.  The basis of this is that the declarations were not made contemporaneous with the acts complained of.

---

[1] It should be noted that the declarations which purport to provide this Court with the support to grant a Motion or Contempt do not contain even the key elements of an affidavit such as the seal of a notary that it is under oath (although there is similar language), or of personal knowledge. However, even these nebulous declarations were not made available to the Defendants when they requested facts to support the claims as well as to permit the Defendants to address the allegations. See letters dated and Exhibit B – Affidavit of Barbara Brazzel-Massaro).

BMF05146                                1

2. The declarations do not contain a sworn notarized statement based upon personal knowledge at the time.

3. The declarations are speculative and nebulous without providing specific factual information that would be based upon personal knowledge.

4. The declarations are rampant with hearsay and unsupported contentions.

5. The declarations do not follow the requirement that a contempt motion must be supported by an affidavit that sets forth the alleged misconduct with particularity because of the above cited reasons.

**Argument**

The Plaintiffs have attached to the Motion for Contempt declarations of three (3) John Does, four (4) John Roes, David Tracey, and Plaintiffs' counsel in support of the Motion. Upon a close review of the declarations, it is obvious that a large portion of the declarations consist of hearsay that would not be admissible as evidence. Federal Rule of Evidence 802. At least the first three declarations of the John Does are far removed in that they are signed in the Spring of 2004, relate to incidents that allegedly occurred in early 2003, yet were never disclosed until counsel for the Plaintiffs relayed in an August 15, 2005 letter to the Police Department alleging there were complaints by individuals about the police actions. The passage of years before utilizing these declarations for a Motion should

preclude the Court from considering what may be outdated, speculative and nebulous declarations.

Not only are the declarations nebulous, containing information such as in mid-January, 2003 or Spring, 2005, 2 years ago, 9 months ago, or June, 2005 and Winter 2004-2005, but the information referred to is often times speculative or hearsay. For instance, the declaration of John Roe provides a legal conclusion and possibly hearsay because he states: "I know I can legally have syringes and cookers because I get them from the syringe van." The declaration of John Roe 2 states: "They seem and act like they are not accountable. I have seen them harass and physically abuse people." This statement is opinion evidence of an individual with no particular basis, as well as speculative. John Roe 2 has absolutely no background in law enforcement and terms such as physically abusing people is an unsubstantiated conclusion. This same individual again uses the terminology "seems to" in paragraph 6 where he again offers an opinion and surmises about what happens if someone is on probation or parole. In paragraph 7 of the declaration of John Roe 2, he discusses what he believes are the feelings of the TNT personnel in stating that they have "personal grudges against them" and "hold grudges against me." Lastly, this same individual discusses an arrest but speculates as to the basis because he was not personally involved and, therefore, he speculates that it is because of the Needle Exchange Program. The declaration of

John Roe 2 is replete with speculation, conjecture and surmise as to the thought process and the speculation of arrests.

John Roe 4 provides his opinion that once they know you, they begin to harass you consistently, and indicates that: "I have heard of this happening to lots of other people." Although he includes these statements, he provides a nebulous date about one incident with a police officer that cannot be verified by the Police Department and is, in fact, denied as the true summary of any contact with the Police Department. Therefore, his declaration, without specificity, and with the speculation and hearsay, should be stricken.

John Roe 5 also provides a declaration that does not include reliable data to determine the specific dates of the alleged acts by a police officer. The declaration only refers to "on or about winter of 2004-2005, the police stopped me near the van." There is no reference to any specific date. In fact, the declarant cannot even identify the year. As a result, this declaration should be stricken because it lacks any specificity.

John Roe 6 has provided a declaration that does not provide any specific dates or times in order to address the allegations. The declaration also includes hearsay of "friends who were in the area with him on two occasions when he was stopped for reasons other than he was coming from the needle exchange van."

Without specificity as to the date, time or officer, the Court should strike the declaration.

Lastly, the declaration of David Tracy is purely speculation in that he refers to information he received from a client and, thus, it is hearsay (Paragraphs 5 and 6). He also refers to a traffic stop and questions from an officer without identifying the officer or demonstrating any connection to this action. The declaration should be stricken.

These declarations submitted by the Plaintiffs in support of the Motion for Contempt are intended to be utilized by the Court to find that the officers of the Bridgeport Police Department have violated the Court Order entered in January, 2001 and, therefore, to be determinative of the issue. In this respect, it is similar to a finding of summary judgment and the declarations in support of such should be viewed in the same manner and possibly scrutinized even more so in the Plaintiffs' claims. Rule 56 regarding the submission of affidavits requires that statements must be made on personal knowledge and if not they may not be considered. Union Ins. Co. v. Glucking and Co., 353 F.2d 946, (CA 2 NY 1965). Affidavits must present evidence and should follow the same form as though the affiant were testifying in court; therefore, mere belief is not sufficient to support an affidavit, since they "shall" be made on personal knowledge. Automatic Radio Mfg. Co. v. Hazeltine Research, Inc., 339 U.S. 827, 70 S. Ct. 894 (1950) Union Ins. Soc., supra. Affidavits which are

inadequate under Rule 56(e) must be disregarded.  G.D. Searle and Co. v. Chas. Pfizer and Co., 231 F. 2d 316 (CA 7 Ill. 1956).  In Johnson v. Doe, 2001 U.S. Dist. LEXIS 3651, 00Civ. 39201 WL 314618 at 1 (SD NY March 30, 2001), the court was clear that "a mere verification does not transform rhetoric conclusions and other non-admissible statements into admissible statements."  The rule requires affidavits on personal knowledge and that there is a showing that the affiant is competent to testify as to the matters in the affidavit.  Davidson v. Bennis, 152 F. 3d 917 (1998 U.S. App. LEXIS 14710, 1998 WL 391112 (May 20, 1998).  In Taylor v. Potter, 2004 U.S. Dist. LEXIS 15990 (2004), the court would not permit the use of testimony about what other employees allegedly told him because it was inadmissible hearsay.  In Rossi v. West Haven Board of Education, et al, 359 F. Supp. 2d 178 (U. S. Dist. Ct. Dist. of Ct. 2005), Judge Kravitz disregarded affidavits that lacked the proper foundation in that the affidavits did not indicate that they were "made on personal knowledge" or did not contain facts "as would be admissible in evidence and show affirmatively that the affiant is competent to testify to the matters stated therein."  Citing Patterson v. County of Oneida, 375 F. 3d 206, 219 (2d Cir. 2004), Judge Kravitz indicated that the information provided in the affidavit could be based upon rank speculation and fourth hand hearsay.  This is precisely what the Plaintiffs have included within the documents called declarations.

But of even more importance to this motion is the fact that the Court has set a date for a hearing in this matter. In accordance, with Rule 43 of the Federal Rules of Evidence, "In every trial, the testimony of witnesses shall be taken in open court, unless a federal law, these rules, the Federal Rules of Evidence, or other rules adopted by the Supreme Court provide otherwise." This rule further supports the position of the Defendants that the testimony of the witnesses is the proper form for this action and not the unsupported, speculative and unsworn declarations submitted with the motion. In accordance with the rules of evidence and due process, the Defendants should be permitted the appropriate cross examination of the Plaintiffs especially because the defendants dispute the claims of the plaintiffs.

THE DEFENDANTS

By: *[signature]*
Barbara Brazzel-Massaro
Associate City Attorney
OFFICE OF THE CITY ATTORNEY
999 Broad Street - 2nd Floor
Bridgeport, CT 06604
Telephone #203/576-7647
Fed. Bar No. 05746

...

## CERTIFICATION

This is to certify that a copy of the foregoing has been hand delivered on this 17th day of November, 2005 to:

Graham Boyd, Esq.
Rebecca Bernhardt, Esq.
Adam Wolf, Esq.
Michael Perez, Esq.
1101 Pacific Avenue, Suite 333
Santa Cruz, CA  955060

Philip Tegeler, Esq.
CCLU
32 Grand Street
Hartford, CT  06106

_____
Barbara Brazzel-Massaro