```
 1  GRAHAM A. BOYD (CBN 18419)                              FILED
 2  REBECCA BERNHARDT (PHV 0616)
    ADAM B. WOLF (PHV 0617)
 3  AMERICAN CIVIL LIBERTIES UNION                     2005 DEC -2  A 10: 14
        DRUG LAW REFORM PROJECT
 4  1101 Pacific Ave., Suite 333                        U.S. DISTRICT COURT
 5  Santa Cruz, CA 95060                                 BRIDGEPORT, CONN
    Tel: (831) 471-9000
 6  Fax: (831) 471-9676

 7  Attorneys for Plaintiffs
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE, JOHN ROE, & CONNECTICUT HARM REDUCTION COALITION, | ) Case No. 3-00-cv-2167 (JCH) ) ) |
| Plaintiffs, | ) **PLAINTIFFS' NOTICE OF** ) **MOTION AND MOTION FOR** |
| vs. | ) **A PROTECTIVE ORDER;** ) **POINTS AND AUTHORITIES** |
| BRIDGEPORT POLICE DEPARTMENT & ANTHONY ARMENO, Acting Chief of the Bridgeport Police Department, in his official capacity only, | ) **IN SUPPORT OF MOTION FOR** ) **A PROTECTIVE ORDER** ) ) Court: Hon. Janet C. Hall |
| Defendants. | ) Filed: December 2, 2005 ) |

Plaintiffs hereby file this motion for a protective order to (1) allow clients of the Bridgeport Syringe Exchange who testify in support of plaintiffs' motion for contempt at the hearing scheduled for December 8, 2005 to use fictitious names; and (2) close the courtroom during the testimony of these witnesses to all individuals except the parties' counsel and

Pls.' Mot. for a Prot. Order                                                                1
Case No. 3-00-cv-2167 (JCH)

members of the Court's staff. The motion is based on this Notice of Motion and Motion, this brief, any other files and records in this case, and such other evidence as may be presented.[1]

## INTRODUCTION

Plaintiffs plan to elicit the testimony of clients of the Bridgeport Syringe Exchange ("Exchange") who have been penalized by defendants for using the Exchange and for possessing legal injection equipment provided by the Exchange. These anticipated witnesses share three characteristics: First, they are, as with all class members, injection drug users who have used the services of the Exchange. Second, they will testify about Bridgeport Police Department ("BPD") officers harassing and otherwise penalizing them for using the Exchange and for legally possessing injection equipment. Third, if forced to use their true names, they face the prospect of public humiliation for admitting their own substance addictions and they make themselves vulnerable to acts of retaliation by BPD officers for testifying that the officers have violated their rights and this Court's injunction. Accordingly, plaintiffs seek a protective order that would allow them to use fictitious names when testifying and that would close the courtroom during their testimony to anyone except parties' counsel and the Court's staff.

## ARGUMENT

Courts must balance numerous factors when deciding whether plaintiffs may proceed under fictitious names. Nine well-recognized factors are as follows: (1) whether the identity of the litigant has remained confidential, (2) the legitimacy of the fear of disclosure, (3) the public interest in maintaining the confidentiality of the litigant's identity, (4) whether, due to the purely legal nature of the issue presented or otherwise, there is an atypically weak public interest in

---

[1] Defendants' counsel has advised plaintiffs' counsel that defendants do not stipulate to the granting of this motion.

Pls.' Mot. for a Protective Order
Case No. 3-00-cv-2167 (JCH)

2

knowing the litigant's identity, (5) the undesirability of the outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case as the price of being publicly identified; (6) whether the plaintiff has illegitimate ulterior motives; (7) whether the public interest in discovering the name of the plaintiff is universal; (8) whether there is a particularly strong public interest in knowing the name of the plaintiff (e.g., if the plaintiff is a public figure); and (9) whether opposition to using a fictitious name is illegitimately motivated. *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 467-68 (E.D. Pa. 1997); *see also* Charles Alan Wright & Arthur R. Miller, Fed. Pract. & Proc. § 1321 (2005).

In 2000, plaintiffs filed a motion to proceed under fictitious names. Plts.' Mot. to Proc. Under Fictitious Names (Dkt. No. 15). After noting the factors mentioned above, plaintiffs argued that these factors militated in favor of plaintiffs proceeding under fictitious names in this matter. *Id.* at 2-4. The Court agreed, entering an order permitting the plaintiffs to proceed under fictitious names. Order Granting Plts.' Mot. to Proceed in Fictitious Name (Dkt. No. 16). Plaintiffs have since proceeded under fictitious names in all pleadings in this matter.

Plaintiffs must remain anonymous now for the same basic reasons that they sought—and were granted—anonymity five years ago. Neither the factors nor the facts that pertain to them have changed since plaintiffs first received permission to proceed anonymously. Among other factors, the public interest still favors the nondisclosure of plaintiffs' real names, and many of the anticipated witnesses would be unwilling to testify should their names be disclosed to defendants.

To the extent that the relevant facts have changed, those facts further militate in favor of anonymity. Unlike plaintiffs in 2000, plaintiffs now claim that defendants have violated not only their constitutional rights, but also an order of this Court. The potential for retaliation by BPD

officers is serious, and plaintiffs' fear of retaliation is even more well-founded now than it was when they first received permission to proceed anonymously. Finally, those plaintiffs who are no longer using drugs have a strong interest in protecting their identities so that they are not discriminated against by family, friends, or employers who were not previously aware of their addiction and whose disapproval could undermine the very success these former users have achieved.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court grant their motion for a protective order allowing plaintiffs' witnesses to use fictitious names while testifying and to close the courtroom during this testimony to anyone other than counsel for the parties and the Court's staff.

Dated: December 1, 2005

Respectfully submitted,

Adam B. Wolf
Graham A. Boyd
Rebecca Bernhardt
AMERICAN CIVIL LIBERTIES UNION
 DRUG LAW REFORM PROJECT
1101 Pacific Ave., Suite 333
Santa Cruz, CA 95060
Telephone: (831) 471-9000
Fax: (831) 471-9676

By: /s/ Adam Wolf
Adam B. Wolf (PHV 0617)

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE, JOHN ROE, & CONNECTICUT HARM REDUCTION COALITION,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGEPORT POLICE DEPARTMENT & ANTHONY ARMENO, Acting Chief of the Bridgeport Police Department, in his official capacity only,<br><br>Defendants. | ) Case No. 3-00-cv-2167 (JCH)<br>)<br>)<br>)<br>) **[PROPOSED] ORDER**<br>) **GRANTING PLAINTIFFS'**<br>) **MOTION FOR A PROTECTIVE**<br>) **ORDER**<br>)<br>)<br>)<br>)<br>) |

On motion of plaintiffs and for good cause shown, the Court hereby GRANTS plaintiffs' motion for a protective order. Clients of the Bridgeport Syringe Exchange who testify in support of plaintiffs' contempt motion at the hearing scheduled for December 8, 2005, can use fictitious names when testifying. The courtroom shall remain closed during the Exchange clients' testimony to all individuals except the parties' counsel and members of the Court's staff.

It is SO ORDERED this ___ day of _____ 2005.


                                                                         _____
                                                                         The Honorable Janet C. Hall
                                                                         United States District Judge

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee for the American Civil Liberties Union Drug Law Reform Project, 1101 Pacific Avenue, Suite 333, Santa Cruz, California 95060; is a person of such age and discretion to be competent to serve papers; and that on December 1, 2005, she served copies of the following:

**Plaintiffs' Notice of Motion and Motion For A Protective Order; Points and Authorities In Support of Motion for A Protective Order**

by causing said copies to be placed in a prepaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, by depositing said envelope via U.S. Mail at Santa Cruz, California:

Attorney Barbara Massaro
Bridgeport City Attorney's Office
999 Broad Street
Bridgeport, CT 06604

_____
Stevi N. Barton