FILED

2005 DEC -8 P 3: 00

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN DOE | : | |
| Plaintiff, | : | CIV. NO: 3:00CV2167 (JCH) |
| v. | : | |
| BRIDGEPORT POLICE DEPARTMENT, ET AL | : | |
| Defendants | : | DECEMBER 8, 2005 |

### DEFENDANTS' OBJECTION TO MOTION TO SEAL AND PROCEED UNDER FICTITIOUS NAMES IN ACCORDANCE WITH MOTION FOR PROTECTIVE ORDER

**Introduction**

The Plaintiffs have requested that the Court permit them to proceed under fictitious names and to seal documents that reveal their identities such as the Writ of Habeas Corpus Ad Testificandum submitted to the Court.

The Defendants object to proceeding at this time under fictitious names. The Defendants contend that because this proceeding involves far more than a legal questions such as those presented to this Court in the original proceedings that addressed the legality of possession of needles and syringes with "residue" and the intent and compatibility of Connecticut state statutes, the Court should not permit testimony without disclosing identity.

BMF05148

1

This proceeding is a claim that the Bridgeport Police Department, through individual officers, has violated a Court Order for incidents alleged to have occurred as far back as 2003 on some unspecified dates and, thus, is in contempt. The Defendants have denied the allegations and contend that there is no basis for the contempt. The Defendants have attempted to obtain specific background information regarding the allegations, but the Plaintiffs refuse to provide anything more than nebulous accounts. The Defendants are requesting more specific information, including the names of the accusers, in order to adequately and fully defend the Defendants and provide the full scenario of the Plaintiffs' alleged encounters with the Defendants.

**Argument**

The Plaintiffs have made the assertion that they are fearful of retribution if they should be known. There has been no evidence to demonstrate that in this particular case the Plaintiffs will be harmed by the disclosure of their identities. In particular, two of the Plaintiffs request that the Court allow them to seal documents which disclose their identifies in an application for Writ of Habeas Corpus Ad Testificandum. These writs support the Defendants' position that there will be no retribution and the Defendants are improperly precluded from being given a full and appropriate opportunity to cross-examine these Plaintiffs as well as all other Plaintiffs without having an identity or specific information. The identity of the two

individuals, as well as the basis of their arrest and subsequent incarceration, will have an effect upon their testimony.

The instant motion involves the claims of these Plaintiffs that the Defendants violated a Court Order and treated them improperly solely because they are clients of the Needle Exchange Program or possessed needles. Defendants have vehemently denied the allegations. However, the Defendants have been completely restrained from providing specific evidence and testimony to this Court by the Plaintiffs' utilization of the John Doe status (see Defendants' correspondence and affidavits to Motion in Opposition Exhibits A, B, D and F). This very motion requesting that the Court now seal the identities of two incarcerated individuals exceeds the bounds and rationale for permitting the Plaintiffs to file as John Doe.

The courts have permitted a plaintiff to proceed anonymously, but this right is not without restrictions. There must be a determination of whether the plaintiff had a substantial privacy right that outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings. "The plaintiff's right to privacy and security . . . must be balanced against the dual concerns of (1) public interest in identification of litigants; and (20 harm to the defendant stemming from falsification of plaintiff's name." EW v. New York Blood Ctr., 213 F.R.D. 108 (2003); Doe v Blue Cross and Blue Shield of Rhode Island, 794 F. Sup. 72, 73 (D.R.I. 1992).

The courts have applied other tests and factors in determining whether a plaintiff may proceed under a pseudonym. One of the factors often considered and originally made in the 2000 complaint was the challenging of a governmental activity. In that situation, some courts have permitted the plaintiff to proceed under a fictitious name because it involved a governmental policy or statute. Roe v. Wade, 410 U.S. 113, 93 S. Ct. 705 (1973). However, the instant motion filed by the John Doe addresses very specific instances in which the Plaintiff, through declarations, allege illegal actions by particular undisclosed police officers of the City of Bridgeport. The claims in the present action are not a definition of the scope of permissible action, but a request to find that on specific dates in specific locations, certain police officers have violated a Court Order entered in January, 2001. The Plaintiffs are asserting serious allegations against the Chief of Police and police officers in the TNT, Narcotics and Patrol Divisions of the Bridgeport Police Department.

Because of the Plaintiffs' refusal to provide even basic information, the Defendants have been stymied from presenting specific evidence or testimony related to the claim.[1]

---

[1] The main thrust of this action relying on John Doe declarations is a very different scenario from the disclosure of two arrest/incident reports that have been submitted by the Plaintiffs in support of their motion because, in this situation, the Defendants cannot have available witnesses to testify about the claims without specific names, dates and locations.

In <u>Jane Doe v. John Smith, M.D.</u>, 189 F.R.D. 239 (1998), the court reviewed a claim to proceed with a fictitious name by a patient contending she would be required to reveal intimate details regarding her history of sexual and emotional abuse and mental illness, as well as potential harm to her career. The court utilized six factors in determining if it would be permitted. The court considered: (1) whether the plaintiff challenged a governmental activity or individual action; (2) if disclosure involves utmost intimacy; (3) if the action requires disclosure of the plaintiff's intention to engage in illegal conduct; (4) if identification would place the plaintiff at risk of suffering emotional or mental injury; (5) if defendant would be prejudiced by allowing the Plaintiff to proceed anonymously; and (6) if there is a public interest in guaranteeing open access to proceedings without denying litigants access to the justice system. <u>Doe v. Smith</u>, supra at 240.

The court ultimately denied the plaintiff's request. In analyzing the same factors in this case, the Defendants contend that the Court should deny the request based upon a number of the factors set forth in <u>Doe v. Smith</u>, supra.

The Defendants contend that the first factor does involve an individual action. Although originally there was a governmental activity that predominated the complaint, at this time the Plaintiff are alleging that there are approximately seven instances where a particular police officer has illegally seized their needles. Of

importance in this aspect is that each John Doe has requested that this Court award him or her compensation for the particular action.

The second factor has not been satisfied. The declarations, in part, relay the wish to be anonymous, but the fact that some indicate they have had prior arrests or in the very motion to seal the John Does' have been incarcerated refute any claims of intimacy.

The fourth factor has been raised by the Plaintiffs but, as in Doe v. Smith, the Plaintiffs have failed to provide to this Court a record that will permit the Court to make this finding. The Plaintiffs have not presented specific examples of a retribution by any police officers. In fact, the two writs submitted to this Court involved individuals who are not located in Bridgeport and are already incarcerated. The fact that there is available a Motion for Contempt and various orders that permit filing of citizen complaints in the event of improper or illegal police action also minimizes and, possibly, eliminates the Plaintiffs' claim. The argument brought by these Plaintiffs is weakened by the argument that disclosure of identifies of the clients would protect them because any future retribution to the individuals would boldly and clearly be a violation. However, as in Doe, supra, here the Court "can do no more than speculate regarding the potential "injury that may occur from disclosure of . . . identity."

The fifth factor is perhaps the strongest factor weighing against the Plaintiffs other than the Court's obvious consideration of the public interest in open judicial proceedings outlined in the sixth factor. In particular, the Plaintiffs have submitted to this Court approximately seven declarations alleging direct illegal and/or improper conduct of various officers based upon the January, 2001 Court Order. However, in addition to filing as John Doe, the Plaintiffs have continually refused to provide concrete information to permit a full defense (see Exhibit A – Motion in Opposition). For instance, John Doe contends there was an incident in mid-January, 2004. Four other declarations indicate that the conduct occurred in the wide time frame of Winter or Spring. Mr. John Roe 2 provides no date, no specific officers, but utilizes his declaration to complain about the Tactical Narcotics Team (TNT) and his fear of them. None of the individuals relay that there was an arrest, but discuss about being stopped. Without more specifics, or an identification, the Defendants cannot provide a fuller reasoning to the Court that would demonstrate the reasonableness of a stop except to provide the Court with an array of situations that a stop or search or surveillance may take place. This is extremely prejudicial to the Defendants and the Plaintiffs are asking this Court to simply believe everything they contend and, in fact, believe that they have the utmost credibility as unbiased witnesses without providing the Defendants an opportunity to dig and obtain a true picture.

It is not possible for the Court to determine if the Plaintiffs have a grudge or ill-will against the police for prior arrests, incarceration, or other police action concerning themselves or others. The Defendants cannot inquire with any accuracy as to ill-will that the Plaintiffs may harbor. For instance, John Roe 2 states that he has personal feelings related to the TNT officers and their operations. Two of the John Does are apparently incarcerated and one at the time of his declaration. Such connections or criminal history have an impact on the testimony of these individuals, yet the Defendants are precluded from conducting any cross-examination. The fact that the Defendants cannot specifically address the Plaintiffs' contentions is highly prejudicial to them. If properly informed, the Defendants could provide more direct evidence, but here they are left to providing only general background or denials.

Such speculation should not be permitted to allow this Court to make a finding of contempt.

Given the above, the Court should not permit the Plaintiffs to proceed under a fictitious name.

THE DEFENDANTS

By: /s/ Barbara B. Massaro
Barbara Brazzel-Massaro
Associate City Attorney
OFFICE OF THE CITY ATTORNEY
999 Broad Street - 2nd Floor
Bridgeport, CT 06604
Telephone #203/576-7647
Fed. Bar No. 05746

### CERTIFICATION

This is to certify that a copy of the foregoing "Defendants' Objection to Motion to Seal and Proceed Under Fictitious Names in Accordance with Motion for Protective Order" has been mailed, postage prepaid, on this 8th day of November, 2005 to:

Graham Boyd, Esq.
Rebecca Bernhardt, Esq.
Adam Wolf, Esq.
Michael Perez, Esq.
1101 Pacific Avenue, Suite 333
Santa Cruz, CA  955060

Philip Tegeler, Esq.
CCLU
32 Grand Street
Hartford, CT  06106

/s/ Barbara B. Massaro
Barbara Brazzel-Massaro

BMF05148

9