GRAHAM A. BOYD (CBN 18419)
REBECCA BERNHARDT (PHV 0616)
ADAM B. WOLF (PHV 0617)
AMERICAN CIVIL LIBERTIES UNION
    DRUG LAW REFORM PROJECT
1101 Pacific Ave., Suite 333
Santa Cruz, CA  95060
Tel:  (831) 471-9000
Fax:  (831) 471-9676

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE, JOHN ROE, & CONNECTICUT HARM REDUCTION COALITION, | Case No. 3-00-cv-2167 (JCH) |
| Plaintiffs, | **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO CLARIFY INJUNCTION** |
| vs. | |
| BRIDGEPORT POLICE DEPARTMENT & ANTHONY ARMENO, Acting Chief of the Bridgeport Police Department, in his official capacity only, | Court: Hon. Janet C. Hall  Filed: January 3, 2006 |
| Defendants, | |

     Defendants admit in their opposition to plaintiffs' motion to clarify the Court's 2001 injunction that sterile cookers are not drug paraphernalia under Connecticut law.  Defs.' Resp. to Mot. for Clarif. (Dkt. No. 85), at 8 ("The [cooker] is not illegal until drugs are placed in the object."); 11 (stating that "the Item [sic] used by the drug user was never, [sic] in its initial form an illegal tem [sic] like a needle and syringe").  Plaintiffs agree with defendants' interpretation of state law with respect to sterile cookers, which the City's Exchange makes available to its clients not only when clients first register with the Exchange, but also on every subsequent visit to the Exchange.

While plaintiffs believe that Connecticut law likewise permits the possession of used cookers, they will withdraw their clarification motion if the Court amends its 2001 injunction to read as follows:

> Defendants Bridgeport Police Department and Anthony Armeno, Acting Chief of the Bridgeport Police Department, their agents, employees, assigns, and all persons acting in concert or participating with them are enjoined and restrained from searching, stopping, arresting, punishing or penalizing in any way, or threatening to search, stop, arrest, punish or penalize in any way, any person based solely upon that person's possession of up to thirty sets of injection equipment, within the scope of Conn. Gen. Stat. § 21a-240(20)(A)(ix).  Injection equipment, within the scope of Conn. Gen. Stat. § 21a-240(20)(A)(ix), means objects, such as syringes (whether sterile or previously used, or of a trace amount of narcotic substances contained therein as residue), unused pieces of cotton, and unused cookers (containers used to mix an injectable controlled substance with a liquid), that are used for injecting controlled substances and that are pathways through which bloodborne viruses and bacteria may be shared.

If the Court is not inclined to amend the injunction to reflect the parties' agreement regarding clean injection equipment, however, plaintiffs respectfully request that they be permitted to file a substantive reply to defendants' opposition to plaintiffs' motion to clarify the injunction.

Dated: December 30, 2005               Respectfully submitted,

                                                Adam B. Wolf
                                                Graham A. Boyd
                                                Rebecca Bernhardt
                                                AMERICAN CIVIL LIBERTIES UNION
                                                      DRUG LAW REFORM PROJECT
                                                1101 Pacific Ave., Suite 333
                                                Santa Cruz, CA  95060
                                                Telephone:  (831) 471-9000
                                                Fax:  (831) 471-9676

By: _____
     Adam B. Wolf (PHV 0617)

Attorneys for Plaintiffs

Pls.' Reply in Supp. of Mot. to Clarify Injunction
Case No. 3-00-cv-2167 (JCH)