

2006 JAN 19 A 10: 31

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN DOE, ET AL | : | |
| Plaintiffs, | : | CIV. NO: 3:00CV2167 (JCH) |
| v. | : | |
| BRIDGEPORT POLICE DEPARTMENT, ET AL | : | |
| Defendants | : | JANUARY 19, 2006 |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' PROPOSED ORDER AND REPLY TO MOTION TO CLARIFY

The Plaintiffs have submitted to the Court a two page document in which they represent to the Court that the Defendants admit that sterile cookers are not drug paraphernalia and in which they propose suggested language for a clarification of the Court Order of 2001.

The Defendants, in fact, did not introduce any testimony which permits "sterile cookers" to be excluded from the drug paraphernalia law. What some of the officers within the Bridgeport Police Department did testify to was how they determine when an item would subject the individual to an arrest for drug paraphernalia along with other violations. In particular, the officers indicated that, by itself, an item such as a bottle cap may not be considered as a cooker but, in combination with other items or with the residue of narcotics within it, the cap may be considered drug

BMF06006                                    1

paraphernalia, a cooker. There was testimony from Robin Clark that she mistakenly told clients that cookers were not drug paraphernalia but, thereafter, learned she was wrong and told the clients not to return them but, instead, throw them away.

The Plaintiffs' statement attempts to simplify what is a much more complicated area and which requires the discretion of the police officers given the varied situations. The totality of the circumstances and evidence seized by the police officer helps him in determining whether the item is or is not considered drug paraphernalia. By eliminating the ability of the police officers to consider the totality of the objects seized, the Court may interfere with the discretionary acts of the police officers. Therefore, allowing an undefined item that would now be exempt by the Amended Court Order will interfere with the discretion and also enforcement of drug laws in Connecticut. If, in fact, the testimony of State Attorney Satti had been permitted, the Plaintiffs may have a more educated basis to determine when an item is a cooker under the drug paraphernalia law that will cause criminal penalties. The Plaintiff discusses an item that is provided by the Exchange Program in a first time packet, but the testimony of the Defendants is that a receptacle like the one provided may not be within the drug paraphernalia statute. It could be an ashtray or bottle cap in its original form and, as such, would not yet be a cooker.

The Plaintiffs' suggestion that this item is exempt has not been explained from a legal perspective or fully addressed by them in this reply. The Defendants

have also contended that the "cooker" is not an item included as exempt pursuant to Conn. Gen Stat. Section 21a-240(20)(A)(ix) as injection equipment. The proposed Order by the Plaintiffs DOES NOT reflect an agreement of the parties. In fact, the Defendants object to the proposed language for a number of reasons.

First, the Defendants do not agree, nor is there any testimony before this Court, that the item referred to as a cooker is an object that was to be exempt from the drug paraphernalia statute. This concept does not make sense because the sole purpose in the legislature in enacting Connecticut General Statute §21a-240(2)(A)(ix) was to address the studies and the concern about sharing needles or re-using needles by drug dependent individuals which would be the impetus for the spread of HIV or Hepatitis.

Secondly, the Defendants contend that the terminology of "parenterally injecting" controlled substances does not include the item designated as the cooker since the item is not used to inject, but is a mixer of the narcotic substance. The language proposed by the Plaintiffs usurps the authority of the legislature in actually changing and defining the extent of the statute beyond the legislative intent. The Defendants object to the language within the proposed clarification that attempts to extend the definition beyond what was approved and even discussed by the legislature.

The inclusion of items not part of the original language such as unused pieces of cotton and unused cooker defined as containers used to mix an injectable controlled substance with a liquid was never part of the legislative intent. Even Dr. Heimer indicated during his testimony that he did not introduce any documentation concerning the receptacle as part of the concerns for the legislation that created the Needle Exchange Program and exempted from criminal prosecution up to 30 sets of hypodermic needles and syringes used to parenterally inject the narcotic substance.

Lastly, the terminology that is proposed is too broad and will only lead to future uncertainty. The Plaintiff defines the objects as that "are used for injecting controlled substances and that are pathways through which bloodborne viruses and bacteria may be shared." This description leaves the realm of pathways, viruses or bacteria as endless. Where does it begin and, better yet, where does it end. What is a pathway and what specific virus or bacteria is intended. The loose definition will only lead to future concerns, problems, or challenges by the parties and, as such, the Defendants are not in agreement with the Plaintiffs' position.

THE DEFENDANTS

By: /s/ Barbara B. Massaro
Barbara Brazzel-Massaro
Associate City Attorney
OFFICE OF THE CITY ATTORNEY
999 Broad Street - 2nd Floor
Bridgeport, CT 06604
Telephone #203/576-7647
Fed. Bar No. 05746

### CERTIFICATION

This is to certify that a copy of the foregoing "Defendants' Response to Plaintiffs' Proposed Order and Reply to Motion to Clarify" has been mailed, postage prepaid, on this 19th day of January, 2006 to:

**Graham Boyd, Esq.**
**Rebecca Bernhardt, Esq.**
**Adam Wolf, Esq.**
**Michael Perez, Esq.**
**1101 Pacific Avenue, Suite 333**
**Santa Cruz, CA 955060**

**Philip Tegeler, Esq.**
**CCLU**
**32 Grand Street**
**Hartford, CT 06106**

/s/ Barbara B. Massaro
Barbara Brazzel-Massaro