GRAHAM A. BOYD (CBN 18419)
REBECCA BERNHARDT (PHV 0616)
ADAM B. WOLF (PHV 0617)
ALYSE BERTENTHAL (PHV granted without number)
American Civil Liberties Union
    Drug Law Reform Project
1101 Pacific Avenue, Ste. 333
Santa Cruz, CA 95060
Telephone: (831) 471-9000
Fax: (831) 471-9676

Attorneys for Plaintiffs

JOHN DOE, JOHN ROE, & CONNECTICUT HARM REDUCTION COALITION,

    Plaintiffs,

vs.

BRIDGEPORT POLICE DEPARTMENT & ANTHONY ARMENO, Acting Chief of the Bridgeport Police Department, in his official capacity only,

    Defendants.

Case No. 3-00-cv-2167 (JCH)

**PLAINTIFFS' POST-TRIAL REPLY BRIEF IN SUPPORT OF MOTION FOR CONTEMPT**

**Court: Hon. Janet C. Hall**
**Filed: February 24, 2006**

Defendants' post-trial memorandum contains a number of inaccuracies that plaintiffs correct herein. Unlike plaintiffs' post-trial memorandum, which extensively linked legal argument with the facts adduced at the contempt trial, this short reply brief addresses a few discrete points that defendants misrepresent in their post-trial memorandum.

**I.    Neither the September 2005 Training Memo Nor Any Similar Bulletin was Distributed to Bridgeport Police Department Officers in 2002, 2003, and 2004.**

Defendants' statement that the September 2005 training bulletin "was in addition to a training that had been issued in 2002, 2003, [*sic*] 2004" is misleading. Defs.' Post-Trial Memo. [Dkt.

Plaintiffs' Post-Trial Reply Br. in Support of Motion for Contempt - 1
Case No. 3-00-cv-2167 (JCH)

No. 100], at 29 (citing testimony of Captain Radzmirski). While defendants appear to imply that there were trainings in 2002 – 2004 that discussed compliance with the injunction, Captain Radzmirski's testimony in fact belies this claim. In support of their statement concerning training bulletins from 2002 - 2004, Defendants cite page 291 of the transcript, the relevant lines of which read as follows:

> Q: [W]hat I want you to focus on are the memos before September 2005, the earlier memos.
>
> A: Okay.
>
> Q: . . . I want to make sure that I have an accurate record here. Defendants' Exhibit 509 this September 13, 2005 memo, that didn't go out during the years 2002, 2003, 2004, did it?
>
> A: No.

Tr. (Dec. 16, 2005), at 291:14-22 (testimony of Captain Radzmirski). Captain Radzmirski further clarified on cross-examination the extent of the training memos that the Bridgeport Police Department ("BPD") in fact issued to its officers from 2002 until August 2005:

> Q: Captain, you testified on direct examination that there had been annual training bulletins going back for a number of years that address the issue of the needle exchange.
>
> A: No. My recollection is that the annual training that we received . . . is in blood borne pathogens. There are training bulletins.

*Id.* at 283:15-24. While the BPD issued two training memos to TNT officers in September 2005, *id.* at 283:25 – 285:5, Captain Radzmirski testified that the training memos issued in 2002, 2003, and 2004 concerning the Bridgeport Syringe Exchange related to "blood borne pathogens," *id.* at 283:15-24. Blood borne pathogens classes, however, concern officer safety; they are not legal trainings. *Id.* at 285:7 – 286:25 (testimony that the blood borne pathogens class addresses things like "risk to officers from coming into contact with potentially infected blood" and "precautions around avoiding needle sticks"); *id.* at 317:4-14 (testimony that the blood borne pathogens class is mandated

by the Occupational Safety and Health Administration (OSHA)); *see also* Pltfs.' Post-Trial Br. [Dkt. No. 95], at Part III.B (discussing the irrelevance of blood borne pathogens training to efforts to comply with the injunction).[1] Accordingly, Captain Radzmirski's testimony demonstrates that BPD did not offer trainings to comply with the Court's injunction from 2002 through August 2005.

## II. The Testimony of Robin Clark-Smith Is Persuasive in Establishing that Defendants Have Violated the Court's Injunction.

Plaintiffs subpoenaed Robin Clark-Smith to testify about defendants' violations of the injunction and BPD's refusal to acknowledge—much less do anything about—these violations. Defendants' attack on her testimony, claiming incorrectly that it is inconsistent and belatedly and erroneously that it is hearsay, is unfounded.

### A. *Ms. Clark-Smith's Testimony Was Not Inconsistent.*

Defendants maintain that Ms. Clark-Smith's testimony is inconsistent because she purportedly testified that Sergeant Otero and Ralph Villegas had confiscated syringes when they were, in fact, not on patrol with BPD. *See* Defs.' Post-Trial Memo., at 5 (Otero), 28 (Villegas). However, Ms. Clark-Smith did not testify as defendants represent.

Ms. Clark-Smith testified that she recalled the names of Otero and Villegas specifically because there were multiple allegations concerning their violating the injunction. Tr. (Dec. 15, 2005), at 161:2-14. She reported these allegations to her boss, Jack McCarthy, who called BPD on numerous occasions between approximately June 2004 and December 2004. *Id.* at 178:15-25 (noting that Mr. McCarthy started making these calls closer to June 2004 than December 2004)

---

[1] Plaintiffs inadvertently omitted a table of contents and table of authorities from their post-trial brief. Because these tables might better facilitate review of plaintiffs' somewhat lengthy post-trial brief, plaintiffs attach them as Exhibit A to this reply brief.

Defendants maintain that Ms. Clark-Smith's recollection must be incorrect because Villegas retired from BPD in April 2004 and Sergeant Otero "was not on the road between August, 2004 and March, 2005 because he had a heart attack." *See* Defs.' Post-Trial Memo., at 5 (Otero), 28 (Villegas). However, Ms. Clark-Smith did *not* testify that she received reports of these officers violating the injunction during the times that the officers were no longer patrolling the streets. Rather, Mr. McCarthy placed the phone calls to BPD at Ms. Clark-Smith's behest starting in approximately June 2004, which means that Ms. Clark-Smith learned of the violations before then and that the violations about which Ms. Clark-Smith apprised Mr. McCarthy occurred even earlier. Villegas was a TNT officer with BPD until April 2004 and Sergeant Otero was assigned to Bridgeport's East Side in various capacities before he suffered a heart attack in August 2004. Tr. (Dec. 15, 2005), at 202:18-22 (Sergeant Otero testifying that he was assigned to the East Side prior to August 2004, when he was re-assigned to the Patrol Division); Tr. (Dec. 16, 2005), at 293:8-25 (Villegas). Sergeant Otero and Villegas' testimony confirms that these officers were in fact in uniform and "on the road" in Bridgeport when the violations occurred.

    **B.    Ms. Clark-Smith's Testimony is Not Hearsay, and Even if It Were Hearsay, Defendants Have Waived this Objection by Not Objecting to Her Testimony During the Trial.**

Two months after the conclusion of the contempt trial, Defendants for the first time argue, however mistakenly, that Ms. Clark-Smith's testimony is hearsay. Defs.' Post-Trial Memo., at 3-4 & n.1. Still, they have never sought to strike this testimony, which is, in any event, not hearsay, an exception to the hearsay rule, or hearsay testimony that should be considered because defendants have waived any hearsay objection to the testimony.

Defendants never specify which part of Ms. Clark-Smith's testimony is allegedly hearsay. The following portions of Ms. Clark-Smith's testimony are clearly not hearsay: the fact that she apprised Mr. McCarthy of the violations of the injunction, the fact that she stood in the same room

as Mr. McCarthy when he called BPD on numerous occasions to discuss the violations of the injunction, and the fact that she would have to continually remind Mr. McCarthy to call former Chief Chapman about the violations of the injunction because BPD would not return his phone calls.[2] Furthermore, the fact that Ms. Clark-Smith had received reports of BPD officers violating the injunction by confiscating syringes from her Exchange clients and ripping up Exchange identification cards is likewise not hearsay.

The only potential hearsay in Ms. Clark-Smith's testimony is that she was "aware of" BPD officers confiscating syringes and Exchange identification cards from 2001 to 2005. Tr. (Dec. 15, 2005), at 158:19 – 159:2. However, her knowledge of BPD's conduct is not hearsay. Even if Ms. Clark-Smith's knowledge were otherwise inadmissible hearsay, though, defendants did not object to this testimony—on hearsay, or any other, grounds—at trial, and therefore they have waived any such objection. *See, e.g., United States v. Tarricone*, 996 F.2d 1414, 1423 (2d Cir. 1993) ("Balagula has waived his argument that Quock's testimony was inadmissible hearsay because he failed to raise that objection at trial."); *United States v. Ricco*, 549 F.2d 264, 274 n.9 (2d Cir. 1977) (holding that testimony was properly admitted into evidence because the opposing party waived its hearsay objection by raising it in an untimely fashion); *Archawski v. Hanioti*, 239 F.2d 806, 809 (2d Cir. 1956) ("[I]t is well settled that objection to proffered hearsay is deemed waived by a party participating in a trial who fails to interpose a timely objection. In such a situation the hearsay may be received and weighed by the trier of the facts.").[3] Even if defendants had objected and moved to strike such testimony on

---

[2] To the extent that Mr. McCarthy's statements to Ms. Clark-Smith that BPD has not returned his phone calls would otherwise be hearsay, Ms. Clark-Smith's then-existing state of mind that she had to continually "bug" Mr. McCarthy to again call BPD because his calls were not returned is an exception to the hearsay rule. Fed. R. Evid. 803(3); *see also* Tr. (Dec. 15, 2005), at 161:21 – 162:3 (Ms. Clark-Smith's testimony); Pltfs.' Post-Trial Br., at 21-22 (discussing this testimony).

[3] After defendants' counsel elicited on cross-examination that Ms. Clark-Smith was aware of the violations of the injunction, not because she witnessed the violations herself, but because she

hearsay grounds in their post-trial brief—which they still have not done—it is simply too late at this stage to interpose an objection, which was waived at the conclusion of the trial. *Cf. Estate of Genecin ex rel. Genecin v. Genecin*, 363 F. Supp. 2d 306, 315 n.5 (D. Conn. 2005) (considering testimony that was potentially otherwise excludable hearsay because plaintiff did not object on hearsay grounds until it filed its post-trial brief, at which point the hearsay objection was considered waived). Accordingly, Ms. Clark-Smith's testimony helps establish on the record that defendants have been violating the injunction by confiscating syringes and Exchange identification cards, as well as that the City's Director of the Exchange, after talking with many of her clients and co-workers, arrived at the conclusion that BPD officers have been engaging in such conduct.

## CONCLUSION

Plaintiffs have satisfied their burden of demonstrating civil contempt because (1) the Court's injunction is clear and unambiguous with respect to confiscating syringes and Exchange identification cards, as well as to seizing Exchange clients due solely to their use of the Exchange; (2) the evidence clearly and convincingly demonstrates that BPD officers have repeatedly engaged in such conduct; and (3) defendants have not been reasonably diligent and energetic in ensuring compliance with the injunction, including policing their compliance with the injunction. Accordingly, plaintiffs respectfully request that the Court grant their motion for civil contempt.

---

formed a basis to believe her clients' reports of repeated violations of the injunction, defendants still did not object to this testimony. Tr. (Dec. 15, 2005), at 160:7-24.

Plaintiffs' Post-Trial Reply Br. in Support of Motion for Contempt - 6
Case No. 3-00-cv-2167 (JCH)

Dated: February 23, 2006

Respectfully submitted,

Adam B. Wolf
Graham A. Boyd
Rebecca Bernhardt
Alyse Bertenthal
AMERICAN CIVIL LIBERTIES UNION
    DRUG LAW REFORM PROJECT
1101 Pacific Ave., Suite 333
Santa Cruz, CA 95060
Telephone: (831) 471-9000
Fax: (831) 471-9676


By: _____
Adam B. Wolf (PHV 0617)

Attorneys for Plaintiffs