### PLAINTIFFS' POST-TRIAL BRIEF IN SUPPORT OF MOTION FOR CONTEMPT

## TABLE OF CONTENTS

PRODCEDURAL BACKGROUND.................................................................................2

ARGUMENT ...............................................................................................................5

I.    THE COURT'S INJUNCTION CLEARLY AND UNAMBIGUOUSLY PREVENTS BPD OFFICERS FROM CONFISCATING FEWER THAN 30 SYRINGES, RIPPING UP EXCHANGE IDENTIFICATION CARDS, AND STOPPING EXCHANGE CLIENTS DUE SOLELY TO THEIR USE OF THE EXCHANGE ...............................................................................5

II.   THE EVIDENCE CLEARLY AND CONVINCINGLY DEMONSTRATES THAT BPD OFFICERS HAVE REPEATEDLY CONFISCATED FEWER THAN 30 SYRINGES, RIPPED UP EXCHANGE IDENTIFICATION CARDS, AND STOPPED EXCHANGE CLIENTS DUE SOLELY TO THEIR USE OF THE EXCHANGE AFTER THE COURT ISSUED ITS INJUNCTION.................7

      A.  Mr. Roe 6 ...............................................................................8

      B.  Mr. Doe 4 ...............................................................................9

      C.  Mr. Roe 5 .............................................................................10

      D.  Mr. Doe 11   .........................................................................11

      E.  Robin Clark-Smith  ..............................................................12

      F.  Summary of Select Violations of Court's Injunction  .................13

III.  DEFENDANTS HAVE NOT BEEN REASONABLY DILIGENT AND ENERGETIC TO ENSURE THAT THEY WERE COMPLYING WITH THE COURT'S INJUNCTION ................................................15

      A. Defendants' Steps to Comply with the Injunction from January 2001 until August 2005. ...............................................17

## TABLE OF CONTENTS (con't)

B.  Defendants' Training Regarding Non-Legal Aspects of
    the Exchange, Such as the Operation of the Exchange and
    Officer Safety Dealing With Syringes, Are Not Efforts To
    Ensure Compliance With the Court's Injunction. ........................... 19

C.  Defendants Failed to Take Reasonable and Sufficient Steps
    to Comply with the Injunction and to Police Compliance with
    the Injunction. ........................... 20

D.  Defendants Cannot Avoid A Finding of Contempt by
    Attempting Half-Hearted Compliance Efforts Nearly
    Five Years After the Court Issued Its Injunction. ........................... 26

IV.    A FINDING OF CONTEMPT, AS WELL AS AN ASSESSMENT
       OF COERCIVE SANCTIONS AND COMPENSABLE FINES, WILL
       BOTH ENSURE DEFENDANTS' FUTURE COMPLIANCE WITH
       THE  INJUNCTION AND COMPENSATE THE VICTIMS OF
       DEFENDANTS' CONTUMACY. ........................... 28

       A.    The Court Should Impose Plaintiffs' Proposed Coercive
             Remedy To Ensure Defendants' Long-Term Future
             Compliance with the Court's Injunction ........................... 29

             1.  The Character and Magnitude of the Harm Threatened by
                 Defendants' Continued Contumacy Are Grave ........................... 31

             2.  Plaintiffs' Suggested Coercive Sanctions Will Likely
                 Be Effective in Bringing About Defendants' Compliance
                 With the Court's Injunction. ........................... 31

             3.  Plaintiffs' Suggested Coercive Sanctions Will Not Financially
                 Burden Defendants ........................... 36

       B.    The Court Should Award a Compensatory Sanction, However
             Small, to Compensate Plaintiffs for their Demonstrated Losses. ........................... 36

CONCLUSION ........................... 37

**PLAINTIFFS' POST-TRIAL BRIEF IN SUPPORT
OF MOTION FOR CONTEMPT**

## TABLE OF AUTHORITIES

**Cases**

*Aspira of New York, Inc. v. Bd. of Educ. of City of New York*, 423 F. Supp. 647 (S.D.N.Y. 1976) ............26

*Astra Aktiebolag v. Andrx Pharm., Inc.*, 222 F. Supp. 2d 423 (S.D.N.Y. 2002) ............ 8

*Cancer Research Inst., Inc. v. Cancer Research Soc'y, Inc.*, 744 F. Supp. 526
    (S.D.N.Y. 1990) ............................................................16, 24, 25, 35

*Colorado v. New Mexico*, 467 U.S. 310 (1983) ............................ 8

*Doe v. BPD*, 198 F.R.D. 325 (D. Conn. 2001) ..............................4, 6, 28, 31

*EEOC v. Local 580, Int'l Ass'n of Bridge, Structural & Ornamental Ironworkers,
    Joint Apprentice-Journeyman Educ. Fund*, 925 F.2d 588 (2d Cir. 1991) .................. 5

*EEOC v. Local 638 of Sheet Metal Workers' Int'l Ass'n*, 889 F. Supp. 642
    (S.D.N.Y. 1995) .............................. 15, 26, 27, 30, 36

*Ethicon, Inc. v. United States Surgical Corp.*, 971 F. Supp. 1015 (D. Conn. 1996). .................. 8

*In re Baldwin-United Corp.*, 770 F.2d 328 (2d Cir. 1985) ............................ 6

*Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821 (1994) ............29

*Levin v. Teiber Holding Corp.*, 277 F.3d 243 (2d Cir. 2002) ..........................8, 13

*Manhattan Indus Manhattan Indus., Inc. v. Sweater Bee by Banff, Ltd.*,
    885 F.2d 1 (2d Cir. 1989) .................. 8, 15, 16, 23, 24, 25, 29, 35

*McComb v. Jacksonville Paper Co.*, 336 U.S. 187 (1949) ..........................8, 24

*New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339 at 1353 (2d Cir. 1989) ..........................6, 30

*Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info Tech., Inc.*,
    369 F.3d 645 (2d Cir. 2004) .................. 8, 30, 36

*Popular Bank of Fla. v. Banco Popular de Puerto Rico*, 180 F.R.D. 461 (S.D. Fla. 1998) ..........................16

*Sanders v. Air Line Pilots Ass'n*, 473 F.2d 244 (2d Cir. 1972) ..........................6

*S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232 (2d Cir. 2001) ..........................6

## <u>TABLE OF AUTHORITIES</u> <u>(cont'd)</u>

**Cases (con't)**

*S.E.C. v. Bilzerian*, 112 F. Supp. 2d 12 (D. D.C. 2000) ..................................16

*The Bridgeport Guardians v. Delmonte*, 371 F. Supp. 2d 115 (D. Conn. 2005) ..................7, 29, 30, 36

*United States v. O'Rourke*, 943 F.2d 180 (2d Cir. 1991) ..................................5

*United States v. United Mine Workers of Am.*, 330 U.S. 258 (1947) ..................................36

1

# CERTIFICATE OF SERVICE

2

3    The undersigned hereby certifies that she is an employee for the American Civil Liberties Union

4    Drug Law Reform Project, 1101 Pacific Avenue, Suite 333, Santa Cruz, California 95060; is a

5    person of such age and discretion to be competent to serve papers; and that on February 23,

6    2006, she served copies of the following:

7       1.  **PLAINTIFFS' MOTION FOR LEAVE TO FILE POST-TRIAL REPLY**
            **BRIEF IN SUPPORT OF MOTION FOR CONTEMPT; [PROPOSED]**
8           **ORDER GRANTING PLAINTIFFS LEAVE TO FILE POST-TRIAL**
            **REPLY BRIEF**
9       2.  **PROPOSED ORDER GRANTING PLAINTIFFS LEAVE TO FILE POST-**
            **TRIAL REPLY BRIEF IN SUPPORT OF MOTION FOR CONTEMPT**
10
        3.  **PLAINTIFFS' POST-TRIAL REPLY BRIEF IN SUPPORT OF MOTION**
11          **FOR CONTEMPT**

12   by causing said copies to be placed in a prepaid envelope addressed to the person hereinafter

13   named, at the place and address stated below, which is the last known address, by depositing said

14   envelope with an overnight courier at Santa Cruz, California:

15

16   Attorney Barbara Massaro
     Bridgeport City Attorney's Office
     999 Broad Street
17   Bridgeport, CT  06604

18

19                                          _Carol Ferris_
20                                          Carol Ferris

21

22

23

24

25

Pltfs.' Mot. for Leave to File Subst. Reply Br. in Supp. Motion to Clarify Injunction; [Proposed] Order Granting
Mot. for Leave to File Subst. Reply Br. & Plaintiffs' Substantive Reply Br. In Support of Motion to Clarify Injunc-1
Case No. 3-00-cv-2167 (JCH)