

August 15, 2005

**By U.S. Mail**
Anthony Armeno, Acting Chief of Police
Bridgeport Police Department
300 Congress Street
Room 300
Bridgeport, CT 06604

Mark T. Anastasi, City Attorney
City of Bridgeport
999 Broad Street
2nd Floor
Bridgeport, CT 06604

Re:   Continuous violations of permanent injunction entered against the Bridgeport Police Department in Doe v. Bridgeport Police Department, 198 F.R.D. 325 (2001).

Dear Acting Chief Armeno and City Attorney Anastasi:

I am writing in regards to Doe v. Bridgeport Police Department, the litigation that resulted in a judgment against the City of Bridgeport regarding the arrest and harassment of individuals in possession of up to 30 sterile or previously used sets of injection equipment by Bridgeport police officers. 198 F.R.D. 325 (2001). We represent the plaintiffs and members of the plaintiff class in that case.

We have received repeated complaints from class members since January 2001 regarding violations of the Court's Order in Doe. Based upon the information we have received, a significant number of individuals have been stopped and harassed for possession of injection equipment by officers of the Bridgeport Police Department. As you know, U.S. District Court Judge Janet Hall permanently enjoined Bridgeport police from stopping, searching, or harassing persons solely for possession of up to 30 sterile or previously-used sets of injection equipment.

Based on the circumstances of harassment involving various individuals, we have a strong basis for believing that the Bridgeport Police Department stands in violation of the Doe injunction. The following are summaries of the information we have been provided in sworn statements:

During the spring of 2005, John Roe 6 was stopped by three police officers while walking with friends. One officer confiscated a clean syringe John Roe told the officer he was carrying. Then the officers

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

DRUG LAW
REFORM PROJECT
101 PACIFIC AVENUE SUITE 333
SANTA CRUZ, CA 95060
/831 471 9000
/831 471 9676

NATIONAL OFFICE
125 BROAD STREET, 18TH FL
NEW YORK, NY 10004-2400
/212 549 2500
/DIRECT)/212 549 2660
/212 549 2654
WWW.ACLU.ORG

OFFICERS AND DIRECTORS
NADINE STROSSEN
PRESIDENT

ANTHONY D. ROMERO
EXECUTIVE DIRECTOR

KENNETH B. CLARK
CHAIR NATIONAL
ADVISORY COUNCIL

RICHARD ZACKS
TREASURER

*Letter to Acting Chief Armeno and City Attorney Anastasi*                              Page 1

pushed the three men up against a fence and searched them, finding and confiscating additional clean injection equipment from John Roe and his two friends. The men asked for their injection equipment back and the officers said no.

On or about winter 2004-2005, John Roe 5 was stopped when traveling on his bicycle near the Syringe Exchange van while it was parked on East Main Street. The police asked Roe if he had any syringes and he gave the officer the syringes he had. The officer threw them in his car, asked for Roe's exchange identification card, issued by the Bridgeport Health Department to assist the police in identifying users of the program and to avoid illegal harassment, and proceeded to tear it up.

On or about winter 2003-2004, John Doe 2 exchanged syringes at the van. He then began driving towards his house. He had traveled one block before police officers stopped him, and illegally searched both him and his vehicle. Officers found his sterile syringes and took them. He showed the officers his syringe exchange identification card, and the police tore up it up.

John Doe 4 was stopped on or about summer 2003 after exchanging seven syringes. He was stopped by the Bridgeport Police, searched without probable cause, and his syringes were taken from him. When he showed the police his exchange identification card, his card was taken from him.

Incidents like this appear to be common and continuous over a long period of time, in direct violation of the injunction. This harassment of Syringe Exchange Program users must stop immediately.

We are coming to you with this matter, before making any public announcements or filings, in an effort to resolve this matter informally, without resort to a contempt proceeding before Judge Hall. We propose a meeting between members of our legal staff, Mayor Fabrizi, Acting Chief of Police Armeno, the Commander of Tactical Narcotics for the Police Department, as well as a representative from the Bridgeport Syringe Exchange Program, in order to develop a plan for preventing future violations of the Court's Order.

If we are unable to resolve this matter informally, we will proceed with a motion for contempt and will request that the Court implement sanctions for violation of the Court's Order.

Please contact me at (831) 471-9000 ext. 12, in order to discuss this proposal and any additional ideas you have for resolving this matter. I look forward to hearing from you. If, however, I have not heard from you on this matter before September 15, 2005, our office will proceed with filing for contempt.

Thank you for your consideration. I remain,

Yours very truly,

Rebecca Bernhardt

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

cc:   Barbara Massaro Esq., 999 Broad Street, 2nd Floor, Bridgeport, CT 06604