GRAHAM A. BOYD (CBN 18419)
REBECCA BERNHARDT (PHV 0616)
ADAM B. WOLF (PHV 0617)
AMERICAN CIVIL LIBERTIES UNION
   DRUG LAW REFORM PROJECT
1101 Pacific Ave., Suite 333
Santa Cruz, CA  95060
Tel:  (831) 471-9000
Fax:  (831) 471-9676

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE, JOHN ROE, & CONNECTICUT HARM REDUCTION COALITION,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGEPORT POLICE DEPARTMENT & ANTHONY ARMENO,* Acting Chief of the Bridgeport Police Department, in his official capacity only,<br><br>Defendants, | Case No. 3-00-cv-2167 (JCH)<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CONTINUE HEARING ON PLAINTIFFS' MOTION FOR CONTEMPT<br><br>Court: Hon. Janet C. Hall<br>Filed: November 4, 2005 |

Plaintiffs hereby oppose defendants' motion to continue the hearing date on plaintiffs' motion for contempt. Defendants' motion is based on the fact that defendants recently scheduled depositions for dates that conflict with the hearing date set by the Court. As discussed briefly below, defendants should not be able to avoid a quick resolution of a contempt motion by scheduling depositions of plaintiffs' anonymous declarants, especially when defendants could

---

* Plaintiffs request that Anthony Armeno, Acting Chief of Police of the Bridgeport Police Department, be substituted for Wilber Chapman, the former Chief of Police of the Bridgeport Police Department.

Pls.' Opp. To Defs.' Mot. to Cont. Hrg. on Pls.' Mot. for Contempt
Case No. 3-00-cv-2167 (JCH)

have the opportunity to cross-examine some of the declarants at the hearing the Court has scheduled.

The Court appropriately set a hearing date to take place eight days after plaintiffs file their reply brief in support of the motion for contempt. Maintaining this hearing date is important for the sake of resolving this matter expeditiously and of ensuring immediate compliance with the Court's order and respect for plaintiffs' constitutional rights. *Cf. Lund Indus., Inc. v. GO Indus., Inc.*, 938 F.2d 1273, 1275 (Fed. Cir. 1991) (stating that a court should hold a contempt hearing "expeditiously to protect litigants from [violations of the court's order]").[1]

Full pre-trial discovery is not appropriate in this case in any event. First, defendants maintain that depositions are necessary to cross-examine the declarants for the purpose of ascertaining their veracity. However, defendants would have the opportunity to cross-examine some of the declarants and other individuals if the Court is inclined to hear live testimony at the hearing. Defendants do not need two opportunities to cross-examine declarants who have proceeded anonymously because of their concern for retaliation. Second, if defendants continue to press their discovery demands, the need for, and scope of, discovery is something that the parties and the Court could address during the scheduled hearing.

Accordingly, plaintiffs respectfully request that the Court deny the defendants' motion to continue the hearing date based on a purported need to cross-examine the declarants. Defendants may cross-examine individuals at the hearing set by the Court, and the Court can hear argument concerning any outstanding discovery matters at that time.

---

[1] Should the Court grant defendants' motion, the hearing would not transpire until at least mid-December. Defendants' counsel is unable, due to travel plans and depositions scheduled in other cases, to conclude depositions in this case until two days before Thanksgiving. Plaintiffs' counsel will be in Seattle, Washington for meetings on another case and will appear in the United States Court of Appeals for the Ninth Circuit for oral argument in a different case during the first two weeks of December. Considering the schedules of counsel and the Court, plaintiffs are concerned that any rescheduling of the hearing will result in plaintiffs' contempt motion not being heard expeditiously.

Pls.' Opp. To Defs.' Mot. to Cont. Hrg. on Pls.' Mot. for Contempt
Case No. 3-00-cv-2167 (JCH)

...

| | |
|---|---|
| 1 | Dated: November 4, 2005 |
| 2 | |

Respectfully submitted,

Adam B. Wolf
Graham A. Boyd
Rebecca Bernhardt
AMERICAN CIVIL LIBERTIES UNION
    DRUG LAW REFORM PROJECT
1101 Pacific Ave., Suite 333
Santa Cruz, CA 95060
Telephone: (831) 471-9000
Fax: (831) 471-9676

By: _/s/ Adam Wolf_
Adam B. Wolf (PHV 0617)

Attorneys for Plaintiffs

Pls.' Reply in Support of Mot. for Contempt
Case No. 3-00-cv-2167 (JCH)

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee for the American Civil Liberties Union Drug Law Reform Project, 1101 Pacific Avenue, Suite 333, Santa Cruz, California 95060; is a person of such age and discretion to be competent to serve papers; and that on November 4, 2005, she served copies of the following:

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CONTINUE HEARING ON PLAINTIFFS' MOTION FOR CONTEMPT**

by causing said copies to be placed in a prepaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, by depositing said envelope and contents in the United States mail at Santa Cruz, California:

Attorney Barbara Massaro
Bridgeport City Attorney's Office
999 Broad Street
Bridgeport, CT  06604

_/s/ Brenda J. Griffin_
Brenda J. Griffin

Pls.' Opp. To Defs.' Mot. to Cont. Hrg. On Pls.' Mot. for Contempt
Case No. 3-00-cv-2167 (JCH)