
EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE, ET AL | : |
| Plaintiff, | : |
| v. | : CIV. NO: 3:00CV2167 (JCH) |
| BRIDGEPORT POLICE DEPARTMENT, ET AL | : |
| Defendants | : JULY 27, 2006 |

## AFFIDAVIT

I, Barbara Brazzel-Massaro, being of sound mind, do hereby depose and say:

1. I am over the age of eighteen and believe in the obligation of an oath.

2. I am employed by the City of Bridgeport as an Associate City Attorney.

3. I am licensed to practice law in the State of Connecticut and I am admitted to the District Court of Connecticut.

4. As a part of my duties and responsibilities, I have been assigned to represent the Defendants in the above referenced action. I was first assigned this matter in 2000 and have followed it since that time.

5. In August, 2005, I was made aware of a complaint by the ACLU concerning police officers allegedly violating the January 18, 2001 Court Order. In particular, I

BMF06080

was informed that Bridgeport police officers wrongfully and in violation of the court order seized syringes and needles.

5. I took part in numerous discussions with no resolution and the Plaintiffs filed a Motion for Contempt in September, 2005. In December, 2005, after argument to the court, the Plaintiffs asked the court to clarify the order as to a definition of "injection equipment."

6. The court entered rulings on the Motion for Contempt and Motion for Clarification in May, 2006, denying the Contempt Motion and further clarifying its prior court order.

7. The Defendants did not appeal. On June 23, 2006, for the first time after the rulings, Attorney Wolf made a telephone call to counsel which was returned.

8. The telephone conversation was brief and counsel began the conversation with I would like to "chat for a few moments about the case." Counsel did not respond and listened as Plaintiffs' counsel indicated that they intended to seek attorney fees.

9. I indicated to Attorney Wolf that I was "surprised" at his request and would need to look at the law and discuss the request with the City Attorney. I indicated that I did not think the amount requested would be considered. I ended the

conversation shortly thereafter that I did not have any authority and needed to consult with the City Attorney.

10. There was never a time given to respond except that I indicated because the hour was late on that Friday the 23rd, I would need to speak at some time thereafter with the City Attorney. I was unable to discuss the matter with the City Attorney and the Plaintiff, thereafter, filed his motion to which Defendants have objected.

11. In the legal action filed in 2000, the Defendants were able to discuss and arrive at a figure for attorney fees. This is not so given the amount requested in the telephone discussion or in the motion now before this court.

_____
Barbara Brazzel-Massaro

Sworn and subscribed before me
this 28th day of July, 2006

_____
John H. Barton
Commissioner of the Superior Court

BMF06080

3