EXHIBIT J

GRAHAM A. BOYD (CBN 18419)
REBECCA BERNHARDT (PHV 0616)
ADAM B. WOLF (PHV 0617)
ALYSE BERTENTHAL (PHV granted without number)
American Civil Liberties Union
    Drug Law Reform Project
1101 Pacific Avenue, Ste. 333
Santa Cruz, CA 95060
Telephone: (831) 471-9000
Fax: (831) 471-9676

Attorneys for Plaintiffs

| | |
|---|---|
| JOHN DOE, JOHN ROE, & CONNECTICUT HARM REDUCTION COALITION, <br><br> Plaintiffs, <br> vs. <br><br> BRIDGEPORT POLICE DEPARTMENT & ANTHONY ARMENO, Acting Chief of the Bridgeport Police Department, in his official capacity only, <br><br> Defendant. | Case No. 3-00-cv-2167 (JCH) <br><br> **PLAINTIFFS' POST-TRIAL BRIEF IN SUPPORT OF MOTION FOR CONTEMPT** <br><br><br> **Court: Hon. Janet C. Hall** <br> **Filed: February 3, 2006** |

This Court issued a permanent injunction in January 2001 that clearly prohibits Bridgeport Police Department ("BPD") officers from confiscating fewer than 30 syringes or Bridgeport Syringe Exchange ("Exchange") identification cards. The injunction also clearly prohibits BPD officers from seizing an individual based solely on his participation in the Exchange. However, the testimony elicited during this contempt proceeding established that BPD officers have flouted these clear proscriptions. Officers have continued to confiscate syringes and identification cards, in addition to seizing individuals upon exiting the Exchange. The evidence also demonstrates that

Plaintiffs' Post-Trial Brief in Support of Motion for Contempt - 1

A court has broad discretion to fashion a coercive remedy to ensure compliance with its order. *Paramedics*, 369 F.3d at 657; *see also EEOC v. Local 638*, 81 F.3d at 1177 (stating that a district court's coercive remedy "need only be reasonable" and is reviewed for abuse of discretion). In determining whether coercive sanctions are appropriate, the court "should consider (1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of any suggested sanction in bringing about compliance; and (3) the contemnor's financial resources and the consequent seriousness of the burden of the sanction upon him." *EEOC v. Local 638*, 81 F.3d at 1177; *New York State N.O.W.*, 886 F.2d at 1353.

Plaintiffs request the following three coercive sanctions, which should ensure compliance with the Court's injunction:

- No more than three members of plaintiffs' counsel are granted a meeting with Acting Chief Armeno, BPD's chief training officer, and representatives of the Exchange, among others Acting Chief Armeno would like to invite, to discuss future efforts for defendants to comply with the injunction.

- Defendants shall provide a report to plaintiffs' counsel every two months that documents all instances of alleged violations of the injunction of which they are aware. This report shall include all information known to defendants regarding each alleged violation, as well as all documentation collected by defendants regarding each incident, including, but not limited to, all actions taken by defendants as a result of their investigation into each incident.

- Defendants shall be assessed a fine of $250 / day, payable to the City of Bridgeport's Needle Exchange Program, if any of the abovereferenced reports are materially inaccurate, incomplete, or untimely without extreme good cause. *Cf. The Bridgeport Guardians*, 371 F. Supp. 2d at 121 (imposing similarly worded sanction on BPD for its contumacy).

All three coercive measures are reasonable in light of defendants' actions in violating the injunction, inaction in failing to ensure compliance with the injunction, effectiveness in ensuring compliance, and potential financial burdens. That is, these measures will prompt defendants to police their compliance with the injunction without imposing substantial obligations on defendants.